UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

REYNOLDS METALS COMPANY, *et al.*,

    Plaintiffs,

  and

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA,

    Plaintiff-in-Intervention,

  v.

ALCAN, INC., *et al.*,

    Defendants.

Case No. C04-0175L

ORDER GRANTING MOTION TO COMPEL DEFENDANTS TO RESPOND TO DISCOVERY REQUESTS

    This matter comes before the Court on the Motion to Compel Defendants to Respond to Discovery Requests (Dkt. # 71, the "Motion") filed by plaintiffs Reynolds Metals Company and Alcoa, Inc. (collectively, "Reynolds"). For the reasons set forth below, the Motion is granted.

## I. INTRODUCTION

    Reynolds has filed suit against Alcan, Inc. ("Alcan") and its wholly owned subsidiary, Alcan Aluminum Corporation ("Alcancorp"). In its requests for production, Reynolds requested documents and materials from Alcan, Alcancorp, and their "parents, officers, employees, agents

ORDER GRANTING MOTION TO
COMPEL DEFENDANTS TO
RESPOND TO DISCOVERY
REQUESTS

1  or representatives." Motion at p. 3  Alcancorp disclosed documents in its possession, but did not
2  disclose documents that were in the possession of its corporate affiliates, including Alcan, the
3  parent of Alcancorp, and Alcan International Limited ("Alcan International"), Alcancorp's sister
4  corporation.  Reynolds seeks to compel Alcancorp to produce documents in the possession of
5  Alcan and Alcan International that Reynolds claims are under Alcancorp's control.

6  Reynolds also complains in its Motion that Alcan has refused to participate in discovery
7  based on its challenge to this Court's personal jurisdiction.  Reynolds seeks an order compelling
8  Alcan to respond to the outstanding discovery requests.

9  **II.  DISCUSSION**

10  **A.   Documents in the Possession, Custody, or Control of Alcancorp.**

11  Fed. R. Civ. P. 34(a) allows a party to obtain discovery of documents and tangible things
12  that "are in the possession, custody or control of the party upon whom the request is served."
13  Reynolds seeks production of documents that it claims are in Alcancorp's control even though
14  they are in the possession of Alcancorp's corporate affiliates.  In particular, Reynolds claims that
15  Alcancorp is in control of documents that are located at Alcan's Kingston, Ontario Rolled
16  Products facility and at the Kingston, Ontario Research and Development Center operated by
17  Alcan International.

18  When responding to a Rule 34 request, a party has an affirmative duty to seek out and
19  disclose information that is reasonably available to the party or to others who are subject to the
20  party's control. For purposes of Fed. R. Civ. P. 34(a), "[c]ontrol is defined as the legal right to
21  obtain documents upon demand." U.S. v. Intern. Union of Petroleum and Indus. Workers, 870
22  F.2d 1450, 1452 (9th Cir. 1991).  In determining whether information in the possession of a
23  related corporation is within a party's control, "the focus is on the nature of the relationship
24  between the two corporations." Alcan Intern. Ltd. v. The S.A. Day Mfg. Co., 176 F.R.D. 75, 78
25  (W.D.N.Y. 1996).  Reynolds bears the burden of showing that Alcancorp has control of the
26

ORDER GRANTING MOTION TO
COMPEL DEFENDANTS TO
RESPOND TO DISCOVERY
REQUESTS                                -2-

documents in the possession of its affiliates.  See Intern. Union, 870 F.2d at 1452.

Reynolds has provided sufficient evidence to show that documents in the custody of Alcan and Alcan International are within Alcancorp's control.  The evidence provided by Reynolds suggests that Alcancorp, Alcan, and Alcan International share a close working relationship.  For instance, Alcan, Alcan International, and Alcancorp are part of the same operating group, the North American Rolled Products Group.  Alcancorp's operations in Oswego, New York and Alcan's operations in Kingston, Ontario are managed by the same individual.  Alcancorp and Alcan's Kingston plant regularly collaborate in their production.  All products manufactured by Alcan are marketed by Alcancorp.  Alcancorp, Alcan, and Alcan International use the same corporate logo.  Employees at Alcan International's Research and Development Center were involved in research associated with the production of the 5083-H321 aluminum at issue in this dispute.   Further, Reynolds has provided evidence suggesting that Alcancorp has access to computer applications and databases used at Alcan's Kingston plant.[1]

Alcancorp does not contest Reynolds's evidence regarding the close relationship among Alcancorp, Alcan, and Alcan International.  Instead, Alcancorp argues that none of the materials requested are in its possession. Reply at p. 1. Fed. R. Civ. P. 34(a), however, is written in the disjunctive; so long as the documents are under Alcancorp's control, actual possession is not required.  See Intern. Union, 870 F.2d at 1452. Based on the uncontested evidence presented by Reynolds, this Court finds that  documents and materials that (1) are in the possession of Alcan's Kingston Mill, (2) are related to Alcan's Rolled Products Group and are in the possession of Alcan subsidiaries, and (3) are stored in electronic databases shared by both Alcan and Alcancorp are under the control of Alcancorp.  Under the Federal Rules of Civil Procedure,

---

[1] Although Alcancorp asserts that the database sharing is limited to information that would normally be provided by any supplier to its customer, Alcancorp does not support this assertion (or counter Reynolds's claim) with any evidence or reference to the record.

1  Alcancorp has a duty to disclose those documents that are responsive to the discovery requests
2  and under its control.

3  Alcancorp's claim that the requested documents are irrelevant is unavailing.  The Federal
4  Rules of Civil Procedure authorize broad discovery.  "Parties may obtain discovery regarding
5  any matter, not privileged, that is relevant to the claim or defense of any party . . . .  Relevant
6  information need not be admissible at the trial if the discovery appears reasonably calculated to
7  lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  This Court finds that
8  the disputed requests for production fall within this broad definition of relevancy.

9  **B.     Motion to Compel Alcan to Produce Documents.**

10  On February 14, 2005, this Court affirmed its holding that Alcan is subject to personal
11  jurisdiction in the Western District of Washington. (Dkt. # 89)  Since the jurisdictional question
12  is resolved, Alcan is obliged to participate in discovery and to provide Reynolds with those
13  documents and materials that are not privileged and are relevant to the subject matter involved in
14  the pending action.  See Fed. R. Civ. P. 26(b)(1).

## III.  CONCLUSION

16  For the foregoing reasons, Reynolds's Motion to Compel Defendants to Respond to
17  Discovery Requests (Dkt. # 71) is GRANTED.  It is ORDERED that within 21 days of the date
18  of this Order, Alcancorp must produce to Alcan all documents and materials that are responsive
19  to Reynolds's outstanding discovery requests and (1) are in the possession of Alcan and located
20  at Alcan's Kingston Mill, (2) are related to Alcan's Rolled Products Group and are in the
21  possession of Alcan subsidiaries, and (3) are stored in electronic databases shared by both Alcan
22  and Alcancorp.  It is further ORDERED that within 21 days of the date of this Order, Alcan
23  must (1) furnish written responses to all previously served discovery requests, (2) produce
24  documents responsive to Reynolds's outstanding document requests, and (3) identify and
25  schedule a corporate representative to provide testimony in response to Reynolds's November
26

24, 2004 Notice of Rule 30(b)(6) deposition.

DATED this 26th day of April, 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION TO
COMPEL DEFENDANTS TO
RESPOND TO DISCOVERY
REQUESTS                                                         -5-