1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

REYNOLDS METALS COMPANY, *et al.*,

      Plaintiffs,

    and

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,

      Plaintiff-in-Intervention,

    v.

ALCAN INC., *et al.*,

      Defendants.

Case No.  C04-175L

ORDER GRANTING IN PART AND
DENYING IN PART MOTION FOR
RECONSIDERATION

This matter comes before the Court on the Motion for Partial Reconsideration of Order Regarding Defendant's Motion for Summary Judgment (Dkt. # 107, the "Motion") filed by plaintiffs Reynolds Metals Company and Alcoa Inc. (collectively, "Reynolds").  Reynolds requests that the Court reconsider the portion of its Order Regarding Defendant's Motion for Summary Judgment (Dkt. # 90, the "Order") in which the Court granted summary judgment to defendant Alcan Aluminum Corporation ("Alcancorp") on Reynolds's misrepresentation claim (Count VII).  See Dkt. # 1, Complaint at ¶¶ 100-105, p. 17.

ORDER GRANTING IN PART
AND DENYING IN PART
MOTION FOR RECONSIDERATION

# I. BACKGROUND

Count VII of Reynolds's complaint states that Alcancorp, along with co-defendant, Alcan Inc. (together, "Defendants") made material misrepresentations of fact and material omissions of fact regarding the suitability of 5083-H321 aluminum ("H321") for use in marine vessels and equipment.  Reynolds claims that (1) Defendants either made the misrepresentations and omissions negligently or with the intent to induce RASCO (the Reynolds entity that purchased the H321) into relying on them, and (2) RASCO did rely on misrepresentations and omissions when it decided to purchase the H321.  Finally, Reynolds asserts that it suffered damage as a direct and proximate result of its reliance on Defendants' material misrepresentations and omissions.

In its motion for summary judgment, Alcancorp argued that Reynolds's misrepresentation claim failed as a matter of law.  Alcancorp asserted that it had not misrepresented material facts and, further, argued that there were sufficient voluntary disclosures to put Reynolds on notice that it was not advisable to use H321 in marine products.  In reply, Reynolds asserted that Defendants had a history of marketing and selling marine products, including H321, to RASCO. It stated that Defendants were aware that the H321 it provided to RASCO would be sold to boat builders.  Reynolds further stated that it was only after boats made with H321 began showing signs of stress corrosion and cracking that Defendants provided notice that H321 was not guaranteed for marine use.

In its Order, this Court granted summary judgment on the misrepresentation claim.  The Court stated:

> Reviewing the submitted documents, the Court finds no evidence that Alcan held, at any time, information about the corrosive qualities of H321 that it misrepresented or failed to disclose.  The only evidence indicating Alcan was even aware of H321's limitations appears in the context of statements from Alcan to RASCO communicating those limitations.

Order at p. 10.  Reynolds timely filed a motion for partial reconsideration and, on March 30, 2005, this Court ordered further briefing on the issues raised in that motion.  (Dkt. # 123).

1

## II. DISCUSSION

2    Motions for reconsideration are disfavored.  See Local Rule CR 7(h)(1).  The Court will

3  ordinarily deny such motions in the absence of manifest error in the prior ruling or a showing of

4  new facts or legal authority which could not have been brought to the Court's attention earlier

5  with reasonable diligence.  See id.  In their motion for reconsideration, Reynolds argues that

6  (1) the Court failed to consider Reynolds's Fed. R. Civ. P. 56(f) request that it be allowed to

7  take discovery before having to respond to Alcancorp's summary judgment motion, and (2)

8  discovery obtained since the original briefing has revealed new evidence that suggests legitimate

9  questions of fact still remain regarding the misrepresentation claim.

10    Reynolds is correct that this Court's prior Order did not directly address its request for a

11  continuance under Fed. R. Civ. P. 56(f).  To prevail on a Rule 56(f) motion, a party opposing

12  summary judgment must "make '(a) a timely application which (b) specifically identifies (c)

13  relevant information, (d) where there is some basis for believing that the information sought

14  actually exists.'"  Employers Teamsters Local Nos. 175 and 505 Pension Trust Fund v. Clorox

15  Co., 353 F.3d 1125, 1129 (9th Cir. 2004) (quoting Visa Int'l Serv. Ass'n v. Bankcard Holders of

16  Am., 784 F.2d 1472, 1475 (9th Cir. 1986)).  The burden is on Reynolds "'to proffer sufficient

17  facts to show that the evidence sought exists, and that it would prevent summary judgment.'"  Id.

18  at 1129-30 (quoting Chance v. Pac-Tel Teletrac Inc., 242 F.3d 1151, 1161 n.6 (9th Cir. 2001)).

19    Reynolds's burden must also be considered in context of the litigation proceedings.

20  Where "a summary judgment motion is filed so early in the litigation, before a party has had any

21  realistic opportunity to pursue discovery relating to its theory of the case, district courts should

22  grant any Rule 56(f) motion fairly freely."  Burlington Northern Santa Fe R. v. Assiniboine and

23  Sioux Tribes of the Fort Peck Reservation, 323 F.3d 767, 773 (9th Cir. 2003).  "Summary denial

24  is especially inappropriate where the material sought is also the subject of outstanding discovery

25  requests."  Visa Int'l, 784 F.2d at 1475.

26    Alcancorp's summary judgment motion was filed before the Fed. R. Civ. P. 26(a)

ORDER GRANTING IN PART
AND DENYING IN PART
MOTION FOR RECONSIDERATION                   -3-

1  deadline for submitting initial disclosures and almost nine months before the deadline for the

2  close of discovery.  Reynolds has asserted that it did not serve its discovery requests until *after*

3  Alcancorp filed the summary judgment motion.  Further, the discovery process has not gone

4  entirely smoothly.  Reynolds has filed three motions to compel, <u>see</u> Dkt. #s 49, 71, 75, while

5  Alcan Inc. has sought to stay the discovery process, <u>see</u> Dkt. # 98.  Under the circumstances, it

6  is clear that Reynolds was not able to respond to the summary judgment motion with the full

7  benefit of discovery.

8       Although the new evidence provided by Reynolds does not support denying Alcancorp's

9  motion to dismiss the misrepresentation claim, it does suggest that any ruling regarding that

10 claim was premature.  Under Washington law, a misrepresentation claim may be premised on

11 either an actual misrepresentation of material facts or a failure to disclose material facts when

12 obligated to do so.  <u>See</u> <u>Washington Mut. Sav. Bank v. Hedreen</u>, 125 Wn.2d 521, 526 (1994)

13 (concealment of information constitutes misrepresentation when the party possessing the

14 information has a duty to disclose it to the other party); <u>see also</u>  <u>Haberman v. Washington Pub.</u>

15 <u>Power Supply Sys.</u>, 109 Wn.2d 107, 168 (1987).[1]  Here, Reynolds has submitted evidence

16 indicating that Defendants knew that the process by which it made the H321 would be

17

18

19

20

21

---

22     [1]In <u>Haberman</u>, the state supreme court adopted the Restatement (Second) of Torts (1977), which

23 asserts that

       One who fails to disclose to another a fact that he knows may justifiably induce the other

24        to act or refrain from acting in a business transaction is subject to the same liability to the

       other as though he had represented the nonexistence of the matter that he has failed to

25        disclose, if, but only if, he is under a duty to the other to exercise reasonable care to

       disclose the matter in question.

26 RESTATEMENT (SECOND) OF TORTS § 551(1) (1977).

ORDER GRANTING IN PART
AND DENYING IN PART
MOTION FOR RECONSIDERATION      -4-

1   "sensitized"[2] and, in particular, susceptible to "exfoliation corrosion."[3]

2          Alcancorp has produced a number of witnesses who indicate that they informed Reynolds

3   that the H321 was not fit for marine use, yet that evidence is hotly contested by Reynolds.  The

4   only documentary evidence that includes a qualification on the use of the H321 occurs in a

5   December 20, 2001 e-mail from Kevin Gilmore of Alcan Inc. to Caroline Earl Bell of RASCO.

6   See Dkt. # 12 (the "Gilmore Affidavit"), ¶ 7, Ex. A.  In that e-mail, Mr. Gilmore states that

7   "H321 is not guaranteed against exfoliation and so not recommended for certain marine

8   applications."  Id.  This e-mail exchange does not, as Alcancorp has asserted, indicate that

9   Reynolds knew that H321 "was not guaranteed for marine use."  Dkt. # 12, Motion for Summary

10  Judgment at 7.  Instead, the e-mail chain only indicates that Reynolds was aware that the H321

11  was not guaranteed to pass exfoliation corrosion testing and was not recommended for *certain*

12  marine applications.

13         These distinctions are significant because the H321 did not fail as a result of its

14  susceptibility to exfoliation corrosion.  Instead, it failed because it suffered from intergranular

15  corrosion, and intergranular stress corrosion.[4]  Even assuming Reynolds was aware that the

16  H321 was not fit for certain marine applications because it may not pass exfoliation corrosion

17  tests, that does not necessarily mean that Reynolds knew that H321 was unfit for *any* marine

18  application, or that it was on notice that the metal would fail in the way that it did.

19  _____

20         [2]Sensitization is defined as a "condition that occurs in aluminum alloys with high magnesium
    content (greater than 3%), in which the grain boundaries become outlined with an aluminum magnesium
21  precipitate.  This condition leads to susceptibility to intergranular types of corrosion."  Dkt. # 12,
    Affidavit of George Pursey ("Pursey Affidavit"), ¶ 12, Ex. B at p. 11.
22

23         [3]Exfoliation corrosion is "[c]orrosion that proceeds laterally from the sites of initiation, along
    planes parallel to the surface, generally at grain boundaries, forming corrosion products that force metal
24  away from the body of the material, giving rise to a layered appearance."  Pursey Affidavit, ¶ 12, Ex. B at
    p. 11.
25

26         [4]Intergranular corrosion is "[p]referential corrosion at or adjacent to the grain boundaries of a
    metal or alloy."  Pursey Affidavit, ¶ 12, Ex. B at p. 11.

1  The new evidence proffered in the motion to reconsider only suggests, however, that

2  Defendants were aware that the H321 was sensitized.  It does not indicate that Defendants

3  (1) knew the metal was susceptible to intergranular corrosion and intergranular stress corrosion,

4  (2) omitted or concealed its knowledge, and (3) had an affirmative duty to disclose this

5  information[5] to Reynolds.  As a result, Reynolds has not yet provided sufficient evidence to

6  satisfy the elements of a misrepresentation claim and dispose of Alcancorp's summary judgment

7  argument entirely.  Nevertheless, the evidence proffered in the Motion suggests that there may

8  be evidence in the hands of Defendants which will further clarify the extent of their knowledge

9  regarding the vulnerabilities of the H321.[6]  Given the early stage of the discovery process,

10  Reynolds is entitled to a continuance of the motion for summary judgment with regard to the

11  misrepresentation claim.

### III.  CONCLUSION

13  For the foregoing reasons, the Motion for Partial Reconsideration of Order Regarding

14  Defendant's Motion for Summary Judgment (Dkt. #107) is GRANTED IN PART AND

15  DENIED IN PART.  Reynolds's request that this Court deny Alcancorp's summary judgment

16  motion on Count VII in light of the new evidence is DENIED.  Reynolds's request that it be

17  allowed under Fed. R. Civ. P. 56(f) to take discovery before responding to the summary

18  judgment motion on Count VII is GRANTED.  Accordingly, Count VII of the Complaint

---

20  [5]A duty to disclose arises, for example, "where a special relationship of trust and confidence has
21  been developed between the parties, where one party is relying upon the superior specialized knowledge
and experience of the other, where a seller has knowledge of a material fact not easily discoverable by the
22  buyer, and where there exists a statutory duty to disclose."  Favors v. Matzke, 53 Wn. App. 789, 796,
rev. denied, 113 Wn.2d 1033 (1989).

24  [6]In particular, an internal Alcancorp e-mail dated March 12, 2002 indicates that at least one
Alcancorp employee "[did] not think Alcan should be offering this product [H321] for any use, not just in
25  marine applications.  He said that it is produced to a practice that makes it very prone to stress corrosion
cracking in multiple environments."  Dkt. # 108, Declaration of Paul J. Kundtz, ¶ 10, Ex. 5.  Reynolds is
26  entitled to pursue discovery to determine what Alcancorp knew about the H321 sensitivity and when it
arrived at that knowledge.

1  asserting claims of misrepresentation against the Defendants is REINSTATED.  Reynolds must

2  respond to the portion of the summary judgment motion relating to Count VII after the close of

3  discovery and before the deadline for filing dispositive motions.  The response must be noted for

4  consideration on the Court's calendar no earlier than the second Friday after filing and service.

5  Alcancorp, in turn, must file and serve its reply, no later than the noting date.

6

7          DATED this 17th day of May, 2005.

8

9

10                                          _MM S Casnik_
                                            Robert S. Lasnik
11                                          United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER GRANTING IN PART
AND DENYING IN PART
MOTION FOR RECONSIDERATION          -7-