UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

REYNOLDS METALS COMPANY, *et al.*,

    Plaintiffs,

  and

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,

    Plaintiff-in-Intervention,

  v.

ALCAN INC., *et al.*,

    Defendants.

Case No. C04-175L

ORDER DENYING MOTION TO DISMISS AND IMPOSING STANDING ORDER REGARDING MOTION PRACTICE

This matter comes before the Court on the Motion to Dismiss Pursuant to Rule 12(b)(6) and Rule 56 (Dkt. # 97) filed by defendant Alcan Inc. ("Alcan"). Alcan asserts that it should be dismissed from this case because (1) the only claims that remain sound in contract, and (2) the contract claims asserted against it should be dismissed because it had no contractual relationship with plaintiffs. Plaintiffs Reynolds Metals Co. and Alcoa Inc. (collectively, "Reynolds") oppose the motion and request attorney's fees and costs incurred in filing the opposition. For the reasons set forth below, Alcan's motion and Reynolds's request for attorney's fees and costs are

both denied, and the Court establishes a standing order applicable to all subsequent motion practice in this case.

## I. BACKGROUND

Reynolds has filed suit against Alcan and its wholly owned subsidiary, Alcan Aluminum Corporation ("Alcancorp" and together with Alcan, "Defendants") alleging breach of contract based on express and implied warranties, contractual indemnification, implied indemnification, contribution, violation of Washington's Product Liability Act ("WPLA"), and misrepresentation.

On February 15, 2005, this Court issued an order (Dkt. # 90, the "Summary Judgment Order") in which it granted Alcancorp's motion for summary judgment on the misrepresentation claim, the WPLA claim, and the indemnification claims to the extent those claims asserted causes of action based on either contractual indemnification or tort-based indemnification.  The Court denied Alcancorp's summary judgment motion as it related to the claims for breach of contract, implied contractual indemnification, and contribution.

On May 17, 2005, this Court reconsidered the portion of the Summary Judgment Order relating to the misrepresentation claim, holding that dismissing this claim was premature and allowing Reynolds to continue discovery under Fed. R. Civ. P. 56(f).  See Dkt. # 138 ("Order on Reconsideration").

Before the Court issued the Order on Reconsideration, Alcan filed this motion.  Relying on the Summary Judgment Order, Alcan argued that all of the non-contract claims raised against it had been dismissed and asserted that it was not a party to any of the agreements that formed the basis of Reynolds's breach of contract claims.

## II. DISCUSSION

### A.   Standard of Review.

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed.

1  R. Civ. P. 56(c).[1]

2  A court must construe all facts in favor of the party opposing summary judgment. See
3  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  Once the moving party has
4  demonstrated the absence of a genuine issue of fact as to one or more of the essential elements
5  of a claim or defense, the opposing party must make an affirmative showing on all matters
6  placed at issue by the motion as to which the opposing party has the burden of proof at trial. See
7  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  In such a situation Fed. R. Civ. P. 56(e)
8  "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the
9  'depositions, answers to interrogatories and admissions on file,' designate 'specific facts
10 showing that there is a genuine issue for trial.'"  Id. at 324 (quoting Fed. R. Civ. P. 56(e)); see
11 also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)
12 ("When the moving party has carried its burden under Rule 56(c), its opponent must do more
13 than simply show that there is some metaphysical doubt as to the material facts").

14 **B.     Summary Judgment on Breach of Contract Claims.**

15  Alcan argues that it is not a party to the Electronic Data Interchange Master Trading
16 Partner Agreements" ("EDI Agreements") under which RASCO (a Reynolds subsidiary)
17 purchased 5083-H321 aluminum.  The EDI Agreements were entered into by RASCO and an
18 entity named Alcan Rolled Products Co.  Reynolds has provided numerous documents that
19 create a legitimate question of fact regarding whether Alcan's plant in Kingston, Ontario
20 functioned as part of the Alcan Rolled Products Company.  See Dkt. # 119, Opposition at pp. 5-
21 6.  Although Alcan disagrees with the conclusion reached by Reynolds, it has provided scant
22 evidentiary or legal support to buttress its argument.  Because legitimate questions of fact remain

---

[1] Although Alcan styles its motion as a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and for summary judgment under Fed. R. Civ. P. 56, the content of the motion only addresses summary judgment.  As a result, this Court will treat the motion as one for summary judgment.  To the extent that Alcan intended to raise arguments based on a 12(b)(6) standard, they are denied.

ORDER DENYING MOTION TO
DISMISS AND IMPOSING STANDING
ORDER REGARDING MOTION PRACTICE          -3-

1  regarding whether Alcan is a party to the EDI Agreements, summary judgment on the contract
2  claims must be denied.

**C.     Summary Judgment on Tort-Based Claims.**

Alcan argues that the Summary Judgment Order "dismissed all causes of action arising out of tort" and that "the only remaining causes of action are breach of contract claims." Motion at pp. 2-3.  Because of the Court's reinstatement of the misrepresentation claim, Alcan's argument can only apply to the dismissal of the WPLA, express contractual indemnification, and tort-based indemnification claims as they related to Alcancorp.  Alcan was not a party to the Summary Judgment Order and has failed to cite any facts or legal authority to support its contention that the holdings relating to Alcancorp should also apply to it.  Indeed, the Summary Judgment Order was based, in part, on the undisputed fact that Alcancorp and Reynolds were contracting parties.  Here, Alcan hotly contests that it was a party to the EDI Agreement and has repeatedly asserted that it and Alcancorp do not share a similar relationship with Reynolds.

There may be good reasons why these claims should also be dismissed against Alcan.  Alcan, however, has not articulated them.  Without a more thorough showing of why the dismissal of the WPLA, express contractual indemnification, and tort-based indemnification claims raised against Alcancorp should also be dismissed as to Alcan, this Court must deny the motion.

**D.     Reynolds's Request for Fees and Costs.**

Reynolds has requested that it be awarded the fees and costs it has incurred in opposing Alcan's motion.  In particular, Reynolds complains that Alcan has failed to provide references to, or submission of, evidence to support is factual assertions.  Reynolds points to Local CR 7(b), which states that "[i]f a motion requires consideration of facts not appearing of record, the movant shall also serve and file copies of all affidavits, declarations, photographic or other evidence presented in support of the motion."

Reynolds's point is well-taken.  On numerous occasions, Alcan asserts facts without

1  providing any supporting evidence.  For instance, Alcan states that "part of the reason [that
2  Alcan's smelter was the source of the 5083 ingot] is that no other supplier, which included
3  Plaintiffs in this case, could deliver the metal under more favorable terms at that point in time."
4  Motion at p. 4.  In support of this assertion, Alcan submits no documents and makes no citation
5  to the record.  Alcan also asserts that Reynolds was aware of certain market realities because
6  Reynolds also supplies 5083 ingots to Alcan's Oswego mill.  Mot. at p. 3.  Again, Alcan does
7  not cite any documents or authority to support this factual assertion.  Alcan did refer to the
8  declaration of Roy Millington for its general assertion that it did not sell the aluminum at issue
9  here, but nonetheless failed to provide any citation that would identify to the Court where the
10 Millington declaration may be found or what section of the declaration supports its claim.

11         Such motion practice is a disservice to the Court, opposing counsel, and the parties.  As
12 has happened in this case, the assertion of unsupported facts results in motion practice that is
13 more concerned with the conduct of the attorneys than the facts and legal issues germaine to the
14 case.  One way to ensure that a high-quality, professional product is delivered to the Court is to
15 issue sanctions when the practice falls below an acceptable level.  This Court, however, believes
16 that it will be more effective to forego sanctions at this time and, instead, issue the following
17 standing order:

18      As of the date of this Order, all contested motions, regardless of their length, must be
19 submitted electronically and accompanied with a paper copy to be delivered to the clerk's office.
20 The paper copy must be clearly marked with the words "Courtesy Copy of Electronic Filing for
21 Chambers."  Any factual assertions made by the parties in the motion must be supported by
22 citation to the record or to accompanying exhibits.  When citing documents of record, the
23 citation must identify the docket number, exhibit number (if appropriate), page number, and line
24 numbers (if available).  When citing accompanying exhibits or declarations, the citation must
25 identify the specific page numbers, exhibit numbers, and paragraph or line numbers.  All
26 exhibits submitted in support or opposition to a motion must be clearly marked with tabs and

1  highlighted to reflect testimony or evidence referred to in the parties' pleadings.

2  Any factual assertions that are not accompanied by a proper citation and supporting
3  evidence will not be considered by the Court.  Any failure to follow the terms of this standing
4  order may result in sanctions.  Sanctions will be imposed at the Court's discretion and on the
5  Court's initiative.

6  ### III. CONCLUSION

7  For the foregoing reasons, Alcan's Motion to Dismiss Pursuant to Rule 12(b)(6) and Rule
8  56 (Dkt. # 97) is DENIED.  Reynolds's request for costs and attorney's fees is DENIED.  The
9  Court requires that all future submissions of the parties comply with the applicable rules of civil
10 procedure and with the terms of the standing order set forth in Section II.D of this Order.

11
12  DATED this 23rd day of May, 2005.
13
14
15                                          /s/ Robert S. Lasnik
                                            Robert S. Lasnik
16                                          United States District Judge