UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

REYNOLDS METALS COMPANY, *et al.*,

    Plaintiffs,

    and

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,

    Plaintiff-in-Intervention,

    v.

ALCAN, INC., *et al.*,

    Defendants.

Case No. C04-175L

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT ON
DEFENDANT'S COUNTERCLAIM

This matter comes before the Court on the "Motion for Summary Judgment (Re: Defendant's Counterclaim)" (Dkt. # 148) filed by plaintiffs Reynolds Metals Company and Alcoa, Inc. (collectively, "Plaintiffs"). For the reasons set forth below, Plaintiffs' motion is granted.

## I. BACKGROUND

Between 1998 and 2001 the Washington state branch of Reynolds Aluminum Supply

Company ("RASCO")[1] purchased over one million pounds of 5083-H321 aluminum from defendant Alcan Aluminum Corporation ("Alcancorp"). The majority of the 5083-H321 was then sold by RASCO to boat builders. In late 2001, boat builders and owners began complaining that boats constructed with the 5083-H321 suffered from accelerated corrosion. Plaintiffs investigated the complaints and concluded that the 5083-H321 purchased from Alcancorp may have been the source of the problem. Further investigation indicated that the 5083-H321 had become susceptible to corrosion and cracking when exposed to water and mechanical stress.

At the time of the investigation, RASCO had over 200,000 pounds of Alcancorp 5083-H321 in stock at its Auburn, Washington facility for which it had yet to make payment. Because of the complaints and subsequent investigation, RASCO claims to have lost confidence in the aluminum stock. In late 2002, RASCO issued a debit memo for the stock in which it asserted that the aluminum was "non-conforming". Alcancorp asserted that it would not accept the terms of the debit memo and instead considered the $268,607.37 payment for the aluminum stock as still due and as an outstanding debt on RASCO's account.

Roughly eight months later, Alcancorp changed the position it held in response to the debit memo and agreed to issue RASCO a credit in the amount of $268,607.37. In a memorandum dated October 14, 2003, Tom Gannon of Alcancorp stated, "I've agreed to accept the subject [RASCO] debit on a 'sales policy' basis. This material [is] to be returned to the Oswego facility as scrap and remelted. Please work with Joe Bingham to ensure a credit is issued in the amount of $268,607.37." Dkt. # 148, Declaration of Todd S. Roessler ("Roessler Decl."), ¶ 19, Ex. 18, p. 86. The following day, Alcancorp issued the credit to RASCO. Upon Alcancorp's authorization, RASCO returned the aluminum stock to Alcancorp's plant in Oswego, Ontario.

---

[1] Plaintiffs owned RASCO and own RASCO's successor in interest, Integris. In this Order, the Court will use the name RASCO to refer to both RASCO and Integris.

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT ON
DEFENDANT'S COUNTERCLAIM                -2-

1    On January 22, 2004, plaintiffs filed this suit against Alcancorp and Alcan, Inc.  In its
2 answer to the complaint, Alcancorp asserted a counterclaim against plaintiffs seeking recovery
3 for the sales price of the aluminum stock.  In their motion, plaintiffs argue that the counterclaim
4 should be dismissed because the issuance of the credit by Alcancorp and the return of the stock
5 by RASCO constituted an accord and satisfaction and discharged any further obligation.

## II.  DISCUSSION

**A.    Summary Judgment Standard.**

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

A court must construe all facts in favor of the party opposing summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  Once the moving party has demonstrated the absence of a genuine issue of fact as to one or more of the essential elements of a claim or defense, the opposing party must make an affirmative showing on all matters placed at issue by the motion as to which the opposing party has the burden of proof at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  In such a situation, Fed. R. Civ. P. 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324 (quoting Fed. R. Civ. P. 56(e)); see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts"). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the [finder of fact] could reasonably find for the [nonmoving party]." Anderson, 477 U.S. at 252.

**B.     Accord and Satisfaction.**

The Washington State Supreme Court has described the discharge of a contractual obligation by accord and satisfaction as meaning "'a discharge by the rendering of some performance different from that which was claimed as due and the acceptance of such substituted performance by the claimant as full satisfaction of the claimant's claim.'" Northwest Motors, Ltd. v. James, 118 Wn.2d 294, 303 (1992) (quoting 6 A. Corbin, Contracts §§ 1276 at p. 115 (1962) (internal brackets omitted)). An accord and satisfaction contains three basic elements: (1) a bona fide dispute, (2) an agreement to settle that dispute, and (3) performance of that agreement. Perez v. Pappas, 98 Wn.2d 835, 843 (1983). In addition, the new agreement between the parties "must rest upon consideration." Id.

In its opposition, Alcancorp does not dispute that the three elements necessary to find an accord and satisfaction exist here. Instead, Alcancorp argues that the accord and satisfaction defense must fail because the new agreement between the parties lacked consideration. In particular, Alcancorp argues that no new consideration existed for the accord because "RASCO gave up nothing when it returned the Aluminum to Alcan." Opp. at p. 5.

Even when interpreted in the light most favorable to Alcancorp, the undisputed facts indicate that there was consideration for the new agreement. In the context of accord and satisfaction, "consideration exists when there is a dispute and the agreement compromises the parties' differences." Perez, 98 Wn.2d at 843. Here, the facts indicate, and Alcancorp recognizes, that a bona fide dispute existed. See Roessler Decl., Ex. 17, p. 80; Dkt. # 154, Opp. at p. 1. Further, Alcancorp agreed to credit RASCO's account for the amount owed in exchange for the return of the aluminum stock. RASCO also agreed and, upon receipt of the credit, returned the stock to Alcancorp. Under the circumstances, each parties' return to the other constituted a compromise of their differences and provided the consideration necessary for an

1  accord and satisfaction.[2]  See Oregon Mut. Ins. Co. v. Barton, 109 Wn. App. 405, 414 (2001),
2  rev. denied, 146 Wash.2d 1014 (2002).

3  Alcancorp also asserts that the decision to credit RASCO's account was a
4  "unilateral business decision," Opp. at p. 6 (emphasis in original), and that it only accepted the
5  return of the aluminum pending the outcome of arbitration of the disputes between the parties.
6  Although it may be that Alcancorp unilaterally decided to credit the account in exchange for the
7  return of the aluminum, this was a decision to enter into a bilateral agreement.  What is more,
8  there is nothing in the parties' communications suggesting that the agreement was contingent on
9  a resolution of the parties' disputes through arbitration.  The only evidence connecting the
10 dispute over the aluminum stock with arbitration is the subjective understanding of Alcancorp's
11 counsel.  See Dkt. # 154, Ex. 1, Decl. of Lawrence A. Salibra, II, ¶¶ 4-7, p. 2.  As Washington
12 courts have made clear, extrinsic evidence is not admissible to show "a party's unilateral or
13 subjective intent as to the meaning of a contract word or term" or to show "an intention
14 independent of the instrument."  Hollis v. Garwall, Inc., 137 Wn.2d 683, 695 (1999).  As a
15 result, Alcancorp's extrinsic evidence is insufficient to create a material question of fact
16 regarding the meaning of the contract.

17  The undisputed material facts show that a bona fide dispute existed between the parties,
18 the crediting of RASCO's account in exchange for the return of the aluminum constituted a new
19 agreement to settle that dispute, and the parties performed under the new agreement.  Under the

---

[2]To the extent that Alcancorp's opposition is based on the adequacy of the consideration it received, the opposition fails.  Washington courts are generally unwilling to inquire into the adequacy of consideration.  See Labriola v. Pollard Group, Inc., 152 Wn.2d 828, 834 (2004) (citing Browning v. Johnson, 70 Wn.2d 145, 147 (1967)).  Instead of looking at "the comparative value of the promises and acts exchanged," Washington courts ask whether the consideration is legally "sufficient."  Browning, 70 Wn.2d at 147.  In exchange for crediting RASCO's account, Alcancorp received the aluminum stock, which it was able to re-use.  Alcancorp also resolved a legitimate dispute regarding whether the aluminum was "non-conforming."  These benefits constitute legally sufficient consideration.

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT ON
DEFENDANT'S COUNTERCLAIM                -5-

1 circumstances, RASCO's obligations to Alcancorp have been discharged through accord and
2 satisfaction.

### III. CONCLUSION

For all the foregoing reasons, Plaintiffs' "Motion for Summary Judgment (Re: Defendant's Counterclaim)" (Dkt. # 148) is GRANTED. Alcan Aluminum Corporation's counterclaim is DISMISSED WITH PREJUDICE.

DATED this 26th day of October, 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge