UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

REYNOLDS METALS COMPANY, *et al.*,

    Plaintiffs,

    and

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,

    Plaintiff-in-Intervention,

    v.

ALCAN, INC., *et al.*,

    Defendants.

Case No. C04-175L

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S MISREPRESENTATION CLAIM AND GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S DUTY TO DISCLOSE CLAIM

## I. INTRODUCTION

This matter comes before the Court on the "Further Opposition to Defendant's Motion for Summary Judgment (re: misrepresentation claim) and Cross-Motion for Partial Summary Judgment (re: duty to disclose)" (Dkt. # 143) filed by plaintiffs Reynolds Metals Company and Alcoa, Inc. (together, "plaintiffs"). In its Order Granting in Part and Denying in Part Motion for Reconsideration (Dkt. # 138), this Court granted plaintiffs' request for a continuance under Fed.

ORDER DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
ON PLAINTIFF'S MISREPRESENTATION
CLAIM AND GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT ON
PLAINTIFF'S DUTY TO DISCLOSE CLAIM

1  R. Civ. P. 56(f) and reinstated plaintiffs' fraudulent and negligent misrepresentation claims. The
2  Court required plaintiffs to further respond to defendant Alcan Aluminum Corporation's
3  ("Alcancorp's") summary judgment motion on the misrepresentation claims by the June 14,
4  2005 deadline for filing dispositive motions. The Court identified three unresolved issues
5  regarding the misrepresentation claims: (1) whether Alcancorp knew that the 5083-H321 was
6  susceptible to intergranular corrosion and intergranular stress corrosion; (2) whether Alcancorp
7  omitted or concealed its knowledge; and (3) whether Alcancorp had an affirmative duty to
8  disclose information.

9  For the reasons set forth below, plaintiffs have provided sufficient evidence to further
10 clarify these issues and, as a result, this Court denies Alcancorp's motion for summary judgment
11 on the misrepresentation claim. In addition, plaintiffs have provided sufficient evidence for this
12 Court to grant summary judgment in its favor regarding Alcancorp's affirmative duty to disclose.

## II.  BACKGROUND

14 The relevant facts are set forth in detail in this Court's Order Regarding Defendant's
15 Motion for Summary Judgment (Dkt. # 90) and Order Granting in Part and Denying in Part
16 Motion for Reconsideration (Dkt. # 138) and will not be repeated here.

## III.  DISCUSSION

### A.  Standard of Review.

19 Summary judgment is proper if "the pleadings, depositions, answers to interrogatories,
20 and admissions on file, together with the affidavits, if any, show that there is no genuine issue as
21 to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.
22 R. Civ. P. 56(c).

23 A court must construe all facts in favor of the party opposing summary judgment. See
24 Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Once the moving party has

ORDER DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
ON PLAINTIFF'S MISREPRESENTATION
CLAIM AND GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT ON
PLAINTIFF'S DUTY TO DISCLOSE CLAIM            -2-

1  demonstrated the absence of a genuine issue of fact as to one or more of the essential elements
2  of a claim or defense, the opposing party must make an affirmative showing on all matters
3  placed at issue by the motion as to which the opposing party has the burden of proof at trial.  See
4  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  In such a situation, Fed. R. Civ. P. 56(e)
5  "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the
6  'depositions, answers to interrogatories and admissions on file,' designate 'specific facts
7  showing that there is a genuine issue for trial.'"  Id. at 324 (quoting Fed. R. Civ. P. 56(e)); see
8  also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)
9  ("When the moving party has carried its burden under Rule 56(c), its opponent must do more
10 than simply show that there is some metaphysical doubt as to the material facts").

**B.    Did Alcancorp Know that Its 5083-H321 Manufacturing Process Would Make the Aluminum Unfit for Marine Use?**

The undisputed facts show that Alcancorp was aware that the 5083-H321 manufactured between 1998 and 2001 was susceptible to intergranular corrosion and intergranular stress corrosion.  Indeed, Alcancorp acknowledges that it knew that "unless one followed special fabrication practices," the 5083-H321 manufactured "could become susceptible to intergranular corrosion when used in the marine context."  Dkt. # 153 at p. 2.  The record indicates that Alcancorp did not follow those special fabrication processes when it manufactured the 5083-H321 it sold to Reynolds Aluminum Supply Company ("RASCO").[1]

**C.    Did Alcancorp Omit or Conceal Its Knowledge Regarding the 5083-H321 Manufacturing Process?**

Alcancorp contends that it warned RASCO that the aluminum was not guaranteed for marine use and argues that, in any event, RASCO knew about the potential sensitivity of the

---

[1] RASCO is owned by plaintiffs and was the entity that purchased the aluminum from Alcancorp.

ORDER DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
ON PLAINTIFF'S MISREPRESENTATION
CLAIM AND GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT ON
PLAINTIFF'S DUTY TO DISCLOSE CLAIM           -3-

aluminum.  To support its position, Alcancorp argues that the testimony of Todd Brown, a former RASCO employee, shows that Alcancorp warned RASCO that the metal was not fit for marine use.  Mr. Brown testified that during his employment with RASCO, he negotiated large metal supply contracts.  He indicated that in May or June 1999, Polly Fabry of Alcancorp told him that Alcancorp's 5083-H321 was "'not guaranteed for marine applications' or words to that effect."  Dkt. # 12, Brown Affidavit, ¶ 7.

As noted previously, this testimony is contested by plaintiffs and, taken in the light most favorable to them, is not sufficient to grant summary judgment to Alcancorp on the grounds that they disclaimed the use of 5083-H321 in marine applications.  As plaintiffs point out, Mr. Brown stated that he had no involvement in the actual purchase of the 5083-H321 and had no actual recollection of any specific conversations in which he was informed that 5083-H321 was not guaranteed for marine use.  Furthermore, although Mr. Brown believed that he would have passed the information to RASCO's branch in Auburn, Washington, he had no recollection of doing so.  What is more, although Alcancorp points to a note written by Mr. Brown with the phrase "not guaranteed for marine applications," the documents sent by Mr. Brown to RASCO's Auburn, Washington branch did not contain the "not guaranteed" language and the Auburn employees deny having received such a warning from Mr. Brown.  At the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence.  See T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n., 809 F.2d 626, 630-31 (9th Cir. 1987).  The evidence presented by both sides regarding Mr. Brown's testimony indicates that a legitimate question of fact exists regarding what Mr. Brown knew and whether he conveyed that information to others at RASCO.

In addition, Alcancorp points to an e-mail chain from Kevin Gilmore of Alcan to Caroline E. Bell of RASCO.  In that e-mail chain, Ms. Bell provides a "history as to why H321 was

ORDER DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
ON PLAINTIFF'S MISREPRESENTATION
CLAIM AND GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT ON
PLAINTIFF'S DUTY TO DISCLOSE CLAIM             -4-

1  chosen," in which she indicates her understanding that 5083-H321 is not guaranteed to pass
2  exfoliation testing. See Dkt. # 12 (the "Gilmore Affidavit"), ¶ 7, Ex. A.  This Court previously
3  noted that assuming that RASCO knew the 5083-H321 would not pass exfoliation testing did not
4  necessarily mean that RASCO knew that the 5083-H321 was unfit for marine use.  The Court
5  noted that "the H321 did not fail as a result of its susceptibility to exfoliation corrosion. Instead,
6  it failed because it suffered from intergranular corrosion, and intergranular stress corrosion."
7  Dkt. # 138 at p. 5

8         Alcancorp now takes issue with the Court's distinction, arguing that exfoliation and stress
9  corrosion cracking are simply two manifestations of intergranular corrosion.  As Alcancorp's
10 own expert has stated, however, it does not necessarily follow that because a product is
11 susceptible to stress corrosion it will also be susceptible to exfoliation corrosion.  What is more,
12 the tests for detecting the conditions are different.  The test used to identify exfoliation
13 corrosion, known as the ASSET test, would not have detected the intergranular corrosion and
14 intergranular stress corrosion that caused Alcancorp's 5083-H321 to fail.  In short, the fact that
15 plaintiffs were aware that the 5083-H321 was not required to undergo exfoliation corrosion tests
16 does not mean that they knew the metal was susceptible to intergranular corrosion and
17 intergranular stress corrosion.

18        Alcancorp also argues the flip-side of its exfoliation corrosion argument, asserting that it
19 did not need to disclose the fact that the aluminum may be sensitized because 5083-H321, unlike
20 the 5083-H116 temper, is not subject to corrosion requirements.  This fact, however, would not
21 have necessarily put plaintiffs on notice that the 5083-H321 was susceptible to intergranular
22 corrosion.  At the time Alcancorp sold 5083-H321 to RASCO, neither 5083-H321 nor -H116
23 were required to pass corrosion tests that would identify the respective aluminum's susceptibility
24 to intergranular corrosion and intergranular stress corrosion.  In addition, plaintiffs have

25

26 ORDER DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
ON PLAINTIFF'S MISREPRESENTATION
CLAIM AND GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT ON
PLAINTIFF'S DUTY TO DISCLOSE CLAIM            -5-

provided sufficient evidence to indicate that 5083-H321 was generally considered to be fit for marine use and that for many manufacturers, 5083-H116 and -H321 were designated together without distinction.  Finally, the evidence suggests that Alcancorp had previously manufactured its 5083-H321 in a manner that, consistent with 5083-H116, made it resistant to intergranular corrosion.  Taken in the light most favorable to plaintiffs, a legitimate question of fact exists regarding whether plaintiffs would have been on notice that the aluminum it purchased was susceptible to corrosion merely because it was designated as 5083-H321.

**D.    Did Alcancorp Have a Duty to Disclose that the Manufacturing Process Made Its 5083-H321 Unfit for Marine Use?**

Plaintiffs have filed a cross-motion for summary judgment asserting that Alcancorp had an affirmative duty to disclose the limitations of its 5083-H321 to RASCO.  With regard to misrepresentation claims, Washington Courts have asserted that a duty to disclose arises when "'the facts are peculiarly within the knowledge of one person and could not be readily obtained by the other. . .'"  Colonial Imports, Inc. v. Carlton Northwest, Inc., 121 Wn.2d 726, 732 (1993) (quoting Oates v. Taylor, 31 Wn.2d 898, 904 (1948)).[2]

---

[2] Washington Courts have adopted the duty to disclose requirement as set forth in the Restatement (Second) of Torts (1977) (the "Restatement").  Section 551 of the Restatement describes the circumstances under which a duty to disclose arises:
> 1) One who fails to disclose to another a fact that he knows may justifiably induce the other to act or refrain from acting in a business transaction is subject to the same liability to the other as though he had represented the nonexistence of the matter that he has failed to disclose, if, but only if, he is under a duty to the other to exercise reasonable care to disclose the matter in question.
> (2) One party to a business transaction is under a duty to exercise reasonable care to disclose to the other before the transaction is consummated,
>     (a) matters known to him that the other is entitled to know because of a fiduciary or other similar relation of trust and confidence between them; and
>     (b) matters known to him that he knows to be necessary to prevent his

ORDER DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
ON PLAINTIFF'S MISREPRESENTATION
CLAIM AND GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT ON
PLAINTIFF'S DUTY TO DISCLOSE CLAIM            -6-

Taken in the light most favorable to Alcancorp, the evidence supports the conclusion that Alcancorp had a duty to disclose the fact that its manufacturing process created an aluminum that may not be fit for marine use. As noted previously, Alcancorp has admitted that it knew that if the 5083-H321 were not processed in a specific manner, it would be sensitized and susceptible to intergranular corrosion when used in marine contexts. Indeed, Alcancorp has acknowledged that it knew that its 5083-H321 "'was not marine grade'" because it "'was not manufactured to insure corrosion resistance.'" Dkt. # 146, p. 20 (quoting Dkt. # 88, Alcancorp's Response to Plaintiff's Mot. to Compel Defendants to Respond to Discovery Requests, p. 2).

Moreover, the information regarding Alcancorp's 5083-H321 manufacturing process was not readily available to plaintiffs. Plaintiffs argue, and Alcancorp does not contest,[3] that Alcancorp's manufacturing process was proprietary information that was not shared with RASCO. In addition, the evidence indicates that Alcancorp had previously manufactured 5083-H321 in a manner that did provide it with the kind of corrosion resistance suitable for marine

---

partial or ambiguous statement of the facts from being misleading; and
    (c) subsequently acquired information that he knows will make untrue or misleading a previous representation that when made was true or believed to be so; and
    (d) the falsity of a representation not made with the expectation that it would be acted upon, if he subsequently learns that the other is about to act in reliance upon it in a transaction with him; and
    (e) facts basic to the transaction, if he knows that the other is about to enter into it under a mistake as to them, and that the other, because of the relationship between them, the customs of the trade or other objective circumstances, would reasonably expect a disclosure of those facts.
Restatement, § 551.

[3] Alcancorp does argue that an employee of Alcoa was aware of the limitations created by the manner in which Alcancorp manufactured the 5083-H321. The evidence, however, indicates that the Alcoa employee became aware of the limitations after boat owners and manufacturers began to complain about the aluminum. Dkt. # 22, Bovard Decl. ¶ 8.

ORDER DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
ON PLAINTIFF'S MISREPRESENTATION
CLAIM AND GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT ON
PLAINTIFF'S DUTY TO DISCLOSE CLAIM    -7-

use. It is uncontested that from the mid-1980s and into the 1990s, Alcancorp had purchased the corrosion resistant 5083-H321 aluminum from a number of manufacturers, including Alcancorp, and resold it to local boat builders. Absent information to the contrary, RASCO had no reason to expect that the 5083-H321 it purchased from Alcancorp from 1998 to 2001 would be manufactured differently than the corrosion resistant 5083-H321 it had purchased in the late 1980s and early 1990s.

Finally, plaintiffs have provided sufficient evidence to show that Alcancorp knew the 5083-H321 would be used in marine applications. Plaintiffs have proffered a number of documents, including Alcancorp market reports, in which Alcancorp recognized that it was supplying aluminum to RASCO for RASCO's "marine-related business." Dkt. # 144, ¶ 51, Ex. 49. Alcancorp, for its part, does not contest this knowledge.

Alcancorp argues that it had no duty to disclose because plaintiffs could have asked Alcancorp about the manufacturing process. That plaintiffs could have asked, however, does not change the fact that the knowledge regarding the manufacturing process was peculiarly in the hands of Alcancorp. See Sorrell v. Young, 6 Wn.App. 220 (1971) (property owner had duty to disclose that land had been filled even though plaintiff had not asked because fact that land had been filled was not apparent or readily ascertainable). Under the circumstances, plaintiffs' ability to ask does not relieve Alcancorp of its burden to disclose information that is material to the transaction but not available to RASCO through other means.

In short, the fact that Alcancorp's manufacturing process created 5083-H321 that was sensitized and, therefore, may not be fit for marine use, was peculiarly within Alcancorp's knowledge and could not be readily ascertained by RASCO. See Colonial Imports, 121 Wn.2d at 732. Alcancorp had a duty, as a matter of law, to disclose this information to RASCO.

### III.  CONCLUSION

ORDER DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
ON PLAINTIFF'S MISREPRESENTATION
CLAIM AND GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT ON
PLAINTIFF'S DUTY TO DISCLOSE CLAIM             -8-

For the foregoing reasons, Alcancorp's motion for summary judgment on plaintiffs' misrepresentation claim is DENIED. Legitimate questions of fact exist regarding whether Alcancorp concealed information regarding the sensitized nature of its 5083-H321 aluminum. Plaintiffs' motion for summary judgment regarding Alcancorp's duty to disclose the fact that its manufacturing processed produced sensitized 5083-H321 aluminum that was not fit for marine use is GRANTED.

DATED this 26th day of October, 2005.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
ON PLAINTIFF'S MISREPRESENTATION
CLAIM AND GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT ON
PLAINTIFF'S DUTY TO DISCLOSE CLAIM            -9-