UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

REYNOLDS METALS COMPANY, *et al.*,

    Plaintiffs,

    and

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,

    Plaintiff-in-Intervention,

    v.

ALCAN, INC., *et al.*,

    Defendants.

Case No. C04-175L

ORDER REGARDING MOTION FOR SUMMARY JUDGMENT WITH RESPECT TO BREACH OF WARRANTY, IMPLIED INDEMNIFICATION, AND CONTRIBUTION CLAIMS

This matter comes before the Court on the "Motion For Summary Judgment With Respect To Express Warranty, Implied Warranty And Warranty For A Particular Purpose" (Dkt. # 142) filed by defendants Alcan, Inc. and Alcan Aluminum Corporation (together, "Alcan"). In its motion, Alcan first argues that plaintiffs' implied warranty of merchantability claim should be dismissed because plaintiffs' use of 5083-H321 aluminum ran counter to ordinary industry practice. Second, Alcan argues that the warranty of fitness for a particular purpose claim should

ORDER REGARDING MOTION FOR
SUMMARY JUDGMENT WITH
RESPECT TO BREACH OF WARRANTY,
IMPLIED INDEMNIFICATION, AND
CONTRIBUTION CLAIMS

be dismissed because RASCO[1] did not rely on Alcan's skill and judgment in choosing 5083-H321 aluminum and because RASCO ordered the 5083-H321 according to known industry specifications. Third, Alcan asserts that the express warranty claims fail because there is insufficient evidence to suggest that it made any affirmation of fact or promise to Alcan. Fourth, Alcan raises a general defense to the warranty claims based on its contention that it warned RASCO that the 5083-H321 was not guaranteed for marine use. Finally, Alcan asserts that the contractual indemnification and contribution claims should be dismissed. For the reasons set forth below, Alcan's motion is granted in part and denied in part.[2]

# I. BACKGROUND

The relevant facts are set forth in detail in this Court's Order Regarding Defendant's Motion for Summary Judgment (Dkt. # 90), and will not be repeated here.

# II. DISCUSSION

**A.  Summary Judgment Standard.**

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

A court must construe all facts in favor of the party opposing summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Once the moving party has demonstrated the absence of a genuine issue of fact as to one or more of the essential elements of a claim or defense, the opposing party must make an affirmative showing on all matters placed at issue by the motion as to which the opposing party has the burden of proof at trial. See

---

[1] RASCO is owned by plaintiffs and was the entity that purchased the aluminum from Alcancorp.

[2] Alcan requested oral argument. Because Alcan's motion can be decided on the memoranda, declarations, and exhibits submitted by the parties, the request for oral argument is DENIED.

1  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  In such a situation, Fed. R. Civ. P. 56(e)
2  "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the
3  'depositions, answers to interrogatories and admissions on file,' designate 'specific facts
4  showing that there is a genuine issue for trial.'"  Id. at 324 (quoting Fed. R. Civ. P. 56(e)); see
5  also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).
6  "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position
7  will be insufficient; there must be evidence on which the [finder of fact] could reasonably find
8  for the [nonmoving party]."  Anderson, 477 U.S. at 252.

9  **B.     Ordinary Practice in the Aluminum Industry.**

10         Washington's implied warranty of merchantability is based on "the concept that goods be
11  reasonably fit for their usual, intended purpose, i.e., reasonably safe when put to their ordinary
12  use and reasonably capable of performing their ordinary functions."  Fed. Signal Corp. v. Safety
13  Factors, Inc., 125 Wn.2d 413, 427 (1994) (quotations and citations omitted).  Factors such as the
14  usage of the goods in a particular industry are considered when determining whether a product is
15  merchantable.  See id.

16         Alcan argues that it was not ordinary practice to use 5083-H321 in marine applications
17  that required corrosion resistance.  Plaintiffs argue equally as forcefully that 5083-H321 was
18  ordinarily used in marine applications, including applications requiring corrosion resistance.
19  Both parties assert that the evidentiary record supports their respective, and opposite,
20  conclusions.  The record, however, is "replete with contradictory allegations," MetroPCS, Inc. v.
21  City & County of San Francisco, 400 F.3d 715, 733 (9th Cir. 2005), with regard to the ordinary
22  practice of the aluminum industry in its use and application of 5083-H321.

23         The parties' extensive citations to the record make it clear that material questions of fact
24  have yet to be resolved.  For example, Alcan cites plaintiffs' experts in support of its claim that
25  the use of 5083-H321 resulted from confusion in the marketplace.  Plaintiffs, in turn, cite

26

ORDER REGARDING MOTION FOR
SUMMARY JUDGMENT WITH
RESPECT TO BREACH OF WARRANTY,
IMPLIED INDEMNIFICATION, AND
CONTRIBUTION CLAIMS                      -3-

1  evidence from Alcan's witnesses indicating that 5083-H321 is generally sold for marine use.
2  Alcan argues that other major aluminum producers, specifically plaintiff Alcoa, Inc., warned
3  against the use of 5083-H321 in marine applications.  Plaintiffs provide evidence, however, that
4  such warnings were specific to the 5083-H321 manufactured by Alcoa and not applicable to
5  5083-H321 generally.  Alcan identifies an Aluminum Association letter warning of the use of
6  5083-H321 in marine applications.  Plaintiffs, however, point out that the letter was written after
7  the problems with the 5083-H321 sold to RASCO came to light.  In addition, plaintiffs cite
8  Aluminum Association publications, as wells as publications from other industry authorities, as
9  indicating that 5083-H321 aluminum had an "A" rating for corrosion resistance and could be
10 used in marine applications.

11     In light of the conflicting record, the Court cannot grant summary judgment to Alcan
12 based on its claims regarding the ordinary practice of the aluminum industry.

13 **C.    Warranty of Fitness for a Particular Purpose.**

14     Liability for breach of an implied warranty for fitness for a particular purpose arises when
15 (1) a buyer relies on the judgment of a seller to select or furnish particular goods, and (2) the
16 seller has reason to know of the buyer's particular purpose.  See RCW 62A2-315; see also Tex
17 Enters., Inc. v. Brockway Std., Inc., 149 Wn.2d 204, 209 (2003).  A claim based on an implied
18 warranty of fitness for a particular purpose can not be asserted, however, when a party orders
19 goods according to its own specifications.  See Lewis & Sims, Inc. v. Key Indus., Inc., 16 Wn.
20 App. 619, 623-24 (1976).  Alcan argues that no warranty of fitness for a particular purpose
21 existed because RASCO did not rely on Alcan's skill or judgment and because RASCO ordered
22 the aluminum according to its own specifications.

23     **1.    Reliance on Skill and Judgment.**

24     Alcan identifies several facts that suggest that RASCO did not rely on Alcan's skill and
25 judgment in selecting Alcan's 5083-H321 aluminum.  For instance, Alcan notes that during his
26

ORDER REGARDING MOTION FOR
SUMMARY JUDGMENT WITH
RESPECT TO BREACH OF WARRANTY,
IMPLIED INDEMNIFICATION, AND
CONTRIBUTION CLAIMS                    -4-

1  deposition, Lynn Voss, a RASCO employee, stated that he developed the plan for using 5083-
2  H321 aluminum on his own.  Alcan also notes that RASCO proceeded to use 5083-H321 even
3  after other suppliers had warned it not to use their 5083-H321 in marine applications.  In
4  addition, Alcan argues that plaintiffs knew the risks of corrosion that existed in choosing the
5  -H321 temper over the -H116 temper.

6       Even assuming that plaintiffs relied on their own judgment in deciding to choose 5083-
7  H321 over other aluminum alloys, this does not resolve the issue.  Washington courts have long
8  held that "[a]n implied warranty of fitness may exist even though the buyer's reliance on the
9  seller's skill and judgment is not a total reliance, and the buyer has relied on his own judgment
10 as to some matters and on the seller as to other matters."  Fossum v. Timber Structures, Inc., 54
11 Wn.2d 317, 336 (1959).  Plaintiffs' theory of liability is not that they relied on an implied
12 warranty that the 5083-H321 alloy and temper, as a general rule, are suitable for marine
13 products.  Instead, plaintiffs' theory of liability is that RASCO relied on Alcan's skill and
14 judgment to furnish 5083-H321 that was suitable for marine use.  The evidence indicates that
15 Alcan was aware that the 5083-H321 was to be used in marine products and that only Alcan
16 knew the manufacturing process used to create its 5083-H321.  Based on these facts, plaintiffs
17 have provided sufficient evidence for a jury to find that RASCO relied on Alcan's skill and
18 judgment to furnish 5083-H321 that had been manufactured in a way that made it suitable for
19 marine use.

20      **2.    Ordering to Specifications.**

21      Plaintiffs argue that this Court's prior order denying summary judgment (Dkt. # 90)
22 ignored the principle articulated in Lewis & Sims that an implied warranty does not exist when a
23 product is ordered to a known industry specification.  Mot. at p. 13 (citing Lewis & Sims, 16
24 Wn. App. 619 (1976)).  This Court, however, considered the decision and held that Lewis &
25 Sims was inapplicable.  The Court stated that Lewis & Sims

26

ORDER REGARDING MOTION FOR
SUMMARY JUDGMENT WITH
RESPECT TO BREACH OF WARRANTY,
IMPLIED INDEMNIFICATION, AND
CONTRIBUTION CLAIMS      -5-

> addressed a situation where a party made specifications that *themselves* were responsible for the flaws in the product leading to the lawsuit. The dispositive holding was that "no warranty against unfitness [can arise] out of *defects in the plans and specifications*."

Dkt. # 90 at p. 8 (emphasis and brackets in original) (quoting Lewis & Sims, 16 Wn. App. at 624).

Even in light of the additional evidence presented by Alcan, there is no need for the Court to alter its prior ruling. Alcan argues that RASCO specified 5083-H321 aluminum, as opposed to an aluminum that had been tested for exfoliation corrosion, such as 5083-H116. As noted above, this argument misses the point. Unlike in Lewis & Sims, the specification made by plaintiffs was not, in and of itself, responsible for the flaws leading to the lawsuit; that is, the aluminum supplied by Alcan did not fail *because* it was 5083-H321. To the contrary, there is sufficient evidence to indicate that other manufacturers made 5083-H321 in a way that made it corrosion resistant. Further, there is sufficient evidence to indicate that Alcan's aluminum failed because it was not manufactured in a way that made it resistant to corrosion. Indeed, the Lewis & Sims court found that "both parties . . . knew what was desired, and that desire was fulfilled." Id. at 626. Taken in the light most favorable to plaintiffs, the same cannot be said here. Instead, plaintiffs have provided sufficient evidence to indicate that they had requested 5083-H321 suitable for use in marine applications, but were supplied 5083-H321 that was not suitable for marine applications. As a result, Alcan is not entitled to summary judgment on the claimed violation of an implied warranty of fitness for a particular purpose.

**D.     Affirmations Creating an Express Warranty.**

Under Washington law, an express warranty may be created by "any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain." RCW 62A.2-313. In its prior order, this Court noted evidence of discussions between Alcan and RASCO indicating that Alcan affirmed 5083-H321's suitability for marine uses. Dkt. # 90 at p. 5. The Court held that "such evidence is sufficient to survive

1  summary judgment." Id.

2  Alcan now argues that the evidence relied on by the Court does not support an affirmation because plaintiffs' employees testified that they choose to use 5083-H321 without relying on any affirmations from Alcan. This argument, however, fails for the same reasons set forth in Section II.C, above. Plaintiffs' claim is not that RASCO relied on Alcan to decide which temper and alloy of aluminum to order, but instead relied on Alcan to furnish 5083-H321 aluminum that was suitable for marine use. The fact that RASCO chose to use 5083-H321 without relying on representations from Alcan is not, in and of itself, sufficient to grant summary judgment.

10  Alcan next argues that the evidence of affirmation provided by plaintiffs only includes statements made after plaintiffs began purchasing 5083-H321 from Alcan in 1998. As a result, Alcan claims that these statements could not have been part of the basis of the bargain. Alcan is correct that an affirmation only creates an express warranty for purchases that occurred after the affirmation was made. See Fleenor v. Erickson, 35 Wn.2d 891, 899 (1950) (representations made after purchase did not create express warranty). Based on the record before the Court, plaintiffs have provided evidence of affirmations that occurred in June, 2000, when Alcan's employee, Dave Custers, provided information to RASCO in response in inquiries about, among other things, resistance to stress corrosion. Then, in August, 2000, Alcan's sales representative, Erik Young, indicated in his market report that Alcan's 5083-H321 "is considered excellent for [marine] application[s]." Opp. at p. 20. Mr. Young testified that copies of these market reports were circulated to outside sales representatives, see Dkt. # 156, Decl. of Carolyn M. Branthoover ("Branthoover Decl."), ¶ 66, Ex. 64, at p. 437, such as the sales representatives at RASCO. Taken in the light most favorable to plaintiffs, they have provided sufficient evidence to show that Alcan's affirmations about 5083-H321's suitability for marine use became part of the basis of the bargain for all 5083-H321 purchases occurring after June, 2000.

ORDER REGARDING MOTION FOR
SUMMARY JUDGMENT WITH
RESPECT TO BREACH OF WARRANTY,
IMPLIED INDEMNIFICATION, AND
CONTRIBUTION CLAIMS                -7-

1    Plaintiffs have not identified sufficient evidence to indicate that Alcan made affirmations
2 that would rise to an express warranty prior to June, 2000.[3]  Although plaintiffs have produced a
3 pamphlet from Alcan's Kingston Works facility that include affirmations that may create an
4 express warranty, plaintiffs do not identify when they received this pamphlet.  See Branthoover
5 Decl. at ¶ 81, ex. 79.  A close reading of the pamphlet, however, indicates that it was likely
6 published in 2000 or later.  See Branthoover Decl. Ex. 79 at p. 515 (mentioning mill renovation
7 that was commissioned in 2000) and p. 517 (mentioning award won in 1999).  Based on the
8 evidence provided, plaintiffs' claim of express warranty for purchases made before June, 2000
9 must be dismissed.  Plaintiffs' claim of breach of express warranty made from June, 2000
10 onward, however, survive summary judgment.

**E.    Alcan's Warning That 5083-H321 Is Not Guaranteed for Marine Use.**

   Alcan argues that it warned plaintiffs that 5083-H321 was not guaranteed for marine use.
As this Court has previously held, when taken in the light most favorable to plaintiffs, material
questions of fact exist regarding whether such a warning was made.  Alcan's newly-presented
evidence does not alter this Court's prior holding.  Alcan is not entitled to summary judgment on
the warranty claims based on their defense that they warned RASCO that the 5083-H321 may
not be fit for marine use.

**F.    Contractual Indemnification and Contribution.**

---

[3]Some evidence provided by plaintiffs is not sufficient to establish an affirmation or promise.  For instance, plaintiffs note that Mr. Voss possessed a brochure from Alcan Australia Ltd. in 1998 when RASCO began purchasing 5083-H321 from Alcan.  The pamphlet indicated that Alcan Australia sold 5083-H321 for use in marine applications.  The statements in the pamphlet, however, were made by an entity that, although related, is separate from Alcan, and plaintiffs have not supplied sufficient evidence to link the affirmations in the Alcan Australia brochure to defendants.  Similarly, the fact that Alcan employees knew that RASCO was stocking 5083-H321 specifically for marine accounts does not create an express warranty.  As noted above, the knowledge of RASCO's intended use may have created an implied warranty of fitness for a particular purpose, but such knowledge is not the equivalent of the affirmation or promise required to create an express warranty.

ORDER REGARDING MOTION FOR
SUMMARY JUDGMENT WITH
RESPECT TO BREACH OF WARRANTY,
IMPLIED INDEMNIFICATION, AND
CONTRIBUTION CLAIMS                              -8-

1   Alcan argues that the claims of contractual indemnification and contribution must be
2 dismissed because no contract has been breached. Mot. at p. 24. This Court has previously held
3 that causes of action for implied contractual indemnity and equitable contribution have been
4 asserted by plaintiffs. These claims are not predicated on contractual privity or a breach of
5 contract. See Fortune View Condominium Assoc. v. Fortune Star Development Co., 151 Wn.2d
6 534, 540 (2004) (contractual privity not necessary for implied indemnity claim); Vance Lumber
7 Co. v. Fraser, Goodwin, & Colver, 162 Wn. 347 (1931) (right to contribution based on equity,
8 not contract). Accordingly, Alcan's motion for summary judgment on these claims is denied.

### III.  CONCLUSION

10   For all the foregoing reasons, Alcan's "Motion for Summary Judgment With Respect To
11 Express Warranty, Implied Warranty And Warranty For A Particular Purpose" (Dkt. # 142) is
12 granted in part and denied in part. Alcan's motion for summary judgment with respect to claims
13 of implied warranty of merchantability and implied warranty for fitness for a particular purpose
14 is DENIED. Defendant's motion for summary judgment with respect to the breach of express
15 warranty claim is GRANTED IN PART AND DENIED IN PART. The Court finds that Alcan's
16 affirmations do not create an express warranty for sales of 5083-H321 that occurred before June,
17 2000. Plaintiffs' express warranty claims for purchases made from June 2000 onward, however,
18 survive summary judgment. Alcan's motion for summary judgment based on its warning that
19 5083-H321 was not guaranteed for marine use is DENIED. Alcan's motion for summary
20 judgment on the implied contractual indemnification and contribution claims is DENIED.

22   DATED this 26th day of October, 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER REGARDING MOTION FOR
SUMMARY JUDGMENT WITH
RESPECT TO BREACH OF WARRANTY,
IMPLIED INDEMNIFICATION, AND
CONTRIBUTION CLAIMS                                   -9-