UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

REYNOLDS METALS COMPANY and ALCOA INC.,

Plaintiffs,

and

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,

Plaintiff-in-Intervention,

v.

ALCAN INC. and ALCAN ALUMINUM CORPORATION

Defendants.

Case No. C04-175RJB

ORDER ON
MOTIONS *IN LIMINE*

This matter comes before the court on Motions *in Limine* (Dkts. 176, 177, 179, 180, 181, 182, 183, 184 & 185). The court is familiar with the records and files herein and all documents filed in support of and in opposition to the motions.

The court cannot pre-try all evidentiary issues in a case before trial, and in this case the court is faced with a flood of motions *in limine*, not all of which can be accurately addressed before trial. In regard to some of the motions *in limine* in this case, there is no showing of specifically what evidence will, or may, be offered. The court also notes that the events of trial may change preliminary rulings. For example, something that is not admissible under ordinary circumstances might be admissible for a limited purpose, such as impeachment. The rulings herein may be further honed at the pretrial conference and at trial.

ORDER ON MOTIONS *IN LIMINE* - 1

1  The parties should note that the denial of a motion *in limine* does not indicate that the
2  challenged evidence <u>is</u> admissible, nor does the granting of a motion *in limine* indicate that
3  evidence will not be admitted if the events of the trial demonstrate that the ruling *in limine* needs
4  to be modified.

5  With those caveats, which apply to the motions *in limine* referenced herein and all other
6  motions *in limine* which may be presented to the court in this case, and for the following reasons,
7  the court now ORDERS as follows:

8  The parties, their attorneys and witnesses shall not directly or indirectly mention, refer to,
9  or attempt to convey to the jury in any manner any of the facts and arguments ruled out by this
10  order without first obtaining the permission of the court, outside the presence and hearing of the
11  jury, and further, that counsel is instructed to warn and caution their clients and witnesses to
12  follow any order entered by the court in connection with motions *in limine*.

13  <u>Docket 176, Plaintiff's Motion *in Limine* to Exclude Certain Evidence Regarding Lynn
14  Voss.</u>  This motion is DENIED without prejudice.  Admissibility of that portion of Lynn Voss'
15  proposed testimony, which is the subject of this motion, depends upon Mr. Voss' testimony on
16  direct examination.  The motion *in limine* may be raised again before cross-examination.

17  <u>Docket 177, National Union's Motion *in Limine* to Exclude Testimony of Thomas J.
18  Summerson</u>.  This motion is GRANTED IN PART and DENIED IN PART.  It appears to the
19  court that the best way to approach this motion is with reference to Mr. Summerson's expert
20  report, which is filed as Exhibit A to Defendants' Opposition to Plaintiff National Union's Motion
21  *in Limine* to Exclude Testimony of Thomas J. Summerson (Dkt. 188).

22  It appears from the report that there is a substantial risk of jury boredom during Mr.
23  Summerson's testimony.  That, however, is not the subject of this motion.  It is apparent from the
24  report that on occasion, Mr. Summerson appears to become an advocate rather than an opinion
25  witness, and that some of his opinions go beyond his expertise.  Some of the contents of his report
26  indicate that some of his proposed testimony will not assist the jury or will simply be Mr.
27  Summerson's opinion of what the jury should conclude from the other evidence in the case.
28

1    For those reasons, the motion should be GRANTED as to the following portions of Mr.
2  Summerson's proposed testimony as disclosed by the expert report (the following references are
3  to his report):

4    "There is no good explanation of why 5083-H321 was used instead of 5083-H116
5    since RASCO had been advised by both Alcoa and Alcan not to use the -H321
6    temper"; "Moreover, both military agencies and commercial boat builders have
7    been well aware "; "are well aware of the danger"; "Their field engineers and
8    technical staff have repeatedly visited boat builders since 1970 " (page 1); "Thus it
9    was obvious that military and commercial marine industry were well aware of the
10   poor performance of 5456-H321 and that the -H116 temper should be used for all
11   marine structural applications" (page 6); "Since the -H116 has been the only
12   temper in North America recognized as marine grade for decades, the -H321
13   temper would be recognized as unacceptable for marine applications where
14   corrosion is required by people knowledgeable in the industry" (The court notes
15   Mr. Summerson's opinion does not say by whom the temper was recognized or
16   whether this was some official recognition or only his opinion, nor does he note
17   who he refers to as "people knowledgeable in the industry"); "someone
18   disregarding the well documented evidence that problems can be encountered
19   when" (Page 7); "Therefore, it would be expected boat builders and naval
20   architects would be aware that -H116 was the only temper suitable for marine
21   applications where corrosion resistance is required."; "However, that confusion
22   could not be reasonably attributed to RASCO (Reynolds) since Reynolds and
23   Alcoa, the Plaintiffs in this case, were instrumental in developing the standard.";
24   "Whereas field engineers from suppliers had been available to customers for
25   consultation on end-use, it appears that the market no longer supports this effort.
26   Customers have assumed greater responsibility for application decisions and
27   supplier's responsibility has become limited to supplying product to specification";
28   "knowing that the -H321 temper was not certified" (page 8).

ORDER ON MOTIONS *IN LIMINE* - 3

1         The court also notes that in the report at page 6, the three paragraphs beginning
2 "Information has become available recently", "In February 2002, Reynolds-Richmond" and "I
3 recently became aware of statements" and on page 8, the paragraph beginning "Both Plaintiffs,
4 Reynolds and Alcoa", all refer to documents.  Mr. Summerson's synopsis of those documents
5 would not be the best evidence of their contents.  To the foregoing extent, National Union's
6 Motion *in Limine* to Exclude Testimony of Thomas J. Summerson is GRANTED IN PART and
7 DENIED IN PART.
8         <u>Docket 179, Defendants' Motion *in Limine* to Preclude Evidence or Testimony</u>
9 <u>Concerning Either Lloyd's Register of Alcan Aluminum Corp's Oswego Plant or Any Marine</u>
10 <u>Classification Registration of Any Other Alcan Facility.</u>  This motion is DENIED.
11        <u>Docket 180, Defendants' Motion *in Limine* to Preclude Evidence or Argument</u>
12 <u>Concerning Products Other than the 5083-H321 at Issue</u>.  This motion is not clear to the court
13 and therefore is DENIED without prejudice.  Counsel is reminded that the Rules of Evidence will
14 control admissibility of this subject matter.
15        <u>Docket 181, Defendants' Motion *in Limine* to Preclude Evidence or Testimony</u>
16 <u>Concerning Russell Metals Company.</u>  This motion is DENIED.  It will be better to judge the
17 relevance of the testimony that is the subject of this motion in light of the evidence produced at
18 trial.
19        <u>Docket 182, Defendants' Motion *in Limine* to Preclude Evidence or Testimony Regarding</u>
20 <u>Purchases of 5083-H321 From Early 1980's to Early 1990's.</u>  This motion is DENIED.
21        <u>Docket 183, Defendants' Motion *in Limine* to Preclude Evidence or Testimony</u>
22 <u>Concerning Admitted Facts.</u>  This motion is DENIED.  The court encourages stipulations and
23 efficiency in presenting evidence that is not contested, but the parties can best decide how to offer
24 evidence, whether contested or not, to fully and properly present their case to the jury, subject, of
25 course, to the court's supervisory powers.  (*See* ER 101 & 601)
26        <u>Docket 184, Defendants' Motion *in Limine* to Preclude Testimony of Boat Builders</u>
27 <u>Concerning Personal Views of Alcan or Alcan's Role in Refusing to Fund Settlements.</u>  This
28 motion should be GRANTED.  The parties are apparently in agreement that the testimony

ORDER ON MOTIONS *IN LIMINE*  - 4

1 defendant seeks to preclude will not be offered and the only issue raised by plaintiff is whether the
2 court's order granting this motion *in limine* will be "susceptible to misapplication."  The court can
3 appropriately apply the Rules of Evidence at trial to avoid misapplication of this ruling.    <u>Docket
4 185, Defendants' Motion *in Limine* to Preclude Testimony of Personal Views of Non-Experts
5 Concerning Market Expectations</u>.  This motion should be DENIED.  The court is not sure of
6 exactly what testimony is targeted by this motion, but in any event, the issues raised by it are
7 adequately covered by the Rules of Evidence.
8     The Clerk is directed to send uncertified copies of this Order to all counsel of record and
9 to any party appearing *pro se* at said party's last known address.
10     DATED this 3rd day of March, 2006.

*/s/ Robert J. Bryan*
Robert J. Bryan
United States District Judge

ORDER ON MOTIONS *IN LIMINE* - 5