1
2
3
4
5
6                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
7                                   AT TACOMA
8

9    REYNOLDS METALS COMPANY and
     ALCOA INC.,
10
                          Plaintiffs,
11
     and                                        Case No. C04-175RJB
12
     NATIONAL UNION FIRE INSURANCE
13   COMPANY OF PITTSBURGH, PA,

14                    Plaintiff-in-Intervention,

15                          v.                   ORDER DENYING ALCAN'S
                                                 MOTION FOR CONTINUANCE
16   ALCAN INC. and ALCAN ALUMINUM              OF TRIAL DATE
     CORPORATION
17
                          Defendants.
18

19        This matter comes before the court on the above-referenced motion (Dkt. 219).  The

20   court is familiar with the records and files herein and all documents filed in support of and in

21   opposition to the motion.

22        The court is not without sympathy for the situation that Mr. Hoffman and Mr. Knowles

23   find themselves in.  Nevertheless, defendants have not made a sufficient showing under Fed. R.

24   Civ. P. 16(b) of good cause for a modification in the trial schedule for the following reasons:

25        1)    This case was filed on January 22, 2004.  It was originally set for trial on

26              September 12, 2005, and was continued to May 1, 2006.  The case was transferred

27              to the undersigned because Chief Judge Lasnik's calendar was crowded and he did

28              not want to further delay justice, and because the undersigned judge, by virtue of

1  settlements, had an opening in his calendar beginning on May 1, 2006.  Trial dates

2  are not readily available, and if the case were to be continued, without unfairly

3  impacting other cases now set, the next available trial date would be in January

4  2007.  In short, this case cries out for disposition now.  It is now the second oldest

5  case on this court's calendar.

6  2)  Mr. Salibra was provided *pro hac vice* status on August 25, 2004, and was

7  allowed to withdraw based on a stipulation on March 9, 2006 (Dkts. 217, 218).

8  At the time of his withdrawal, there was no mention of the need for a continuance.

9  Indeed, had that question been raised at the time of Mr. Salibra's withdrawal, the

10  court might well have denied the withdrawal in view of the impending trial date

11  under the authority of Western District of Washington Local General Rule 2(f);

12  Rule of Professional Conduct 1.15(d); In the Matter of the Disciplinary Proceeding

13  Against Antony P. DeRuiz, Attorney at Law, 152 Wash.2d 558 (2004) ("[A]

14  lawyer may withdraw only if the withdrawal can be accomplished without material

15  adverse effect on the interests of the client."); & Kingdom v. Jackson, 78 Wn.

16  App. 154 (1995) (listing "factors for the court to consider when faced with a

17  motion to substitute counsel").

18  3)  Many lawyers have appeared for the defendants and are still on record as

19  representing the defendants.

20  4)  In its motion (Dkt. 219), defendants on page 6 state that, "Judge Lasnik's May 1

21  docket was full with approximately 12 cases scheduled for that day.  Until Judge

22  Lasnik recently transferred this case in mid-February, it was reasonable for all

23  parties to anticipate a continuance of the May 1 date."  Defendants are in error.  It

24  was entirely unreasonable not to anticipate that the case would go to trial on

25  May 1.

26  5)  This court's *pro hac vice* rule (Western District of Washington Local Rule 2(d)) is

27  designed to avoid the exact situation the court is facing here.  The court can rely

28  on Mr. Knowles' representation that he "will be prepared to handle the matter,

1     including the trial thereof, in the event the applicant is unable to be present on any

2     date assigned by the court." The rule means what it says.

3     6)    From plaintiff's showing, it appears that the problem presented is one of the

4           defendants' own making. There is no showing that Mr. Salibra would not be

5           available to be hired by the defendants or by their local counsel, to try the case or

6           to assist local counsel in trying the case.[1]

7     The court also notes that this situation presents an added burden of professionalism on all

8     counsel in the case. Plaintiffs' counsel should cooperate with new lead defense counsel in

9     preparing the case for submission on its merits, and should not use the defendants' problems in

10    preparing the case unfairly against the defendants. Plaintiffs' counsel should avoid creating

11    unnecessary work for defense counsel. All counsel are referred to the Rules of Professional

12    Conduct, and in particular, the preamble thereto.

13    For all of the foregoing reasons, defendants' Motion for Continuance of Trial Date (Dkt.

14    219) is DENIED.

15    The Clerk is directed to send uncertified copies of this Order to all counsel of record and

16    to any party appearing *pro se* at said party's last known address.

17    DATED this 21ST day of March, 2006.

18

19    _Robert J Bryan_

20    Robert J. Bryan
      United States District Judge s

21

22

23

24

25

26    [1]Defendants' motion (Dkt. 219) at page 3 line 21, raised the issue of whether Mr. Salibra is "member in good standing of the bar of any court of the United States, or of the highest court in any other state . . ." as required

27    by Western District of Washington Local Rule 2(d). Indeed, when his *pro hac vice* status was granted by Docket 10, there was no showing of such good standing, but apparently all concerned assumed that he was a lawyer in good standing in accord with said rule. If he lost such good standing in any bar at the time of his retirement, that

28    is matter that should have been anticipated and considered by Mr. Salibra and the defendants before his retirement and before the withdrawal from this case was finalized.

ORDER DENYING ALCAN'S MOTION FOR CONTINUANCE OF TRIAL DATE - 3