The Honorable Robert J. Bryan

1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA**

9

10  **REYNOLDS METALS COMPANY and
ALCOA INC.,**

11          **Plaintiffs,**

12      **and**

13  **NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.,**          **No. C04-0175RJB**

14

15          **Plaintiff-in-Intervention**          **AGREED PRETRIAL ORDER**

16      **v.**

17  **ALCAN INC. and ALCAN ALUMINUM
CORPORATION,**

18          **Defendants.**

19

20      NOW COME Plaintiffs (Reynolds Metals Company and Alcoa Inc., collectively

21  "Plaintiffs" or "Reynolds") and Defendants (Alcan Inc. and Alcan Aluminum Corporation,

22  collectively "Defendants" or "Alcan") and, in accordance with the Court's Local Rule

23  16.1, submit the following Agreed Pretrial Order for the Court's consideration, in

24  compliance with the December 16, 2005 Amended Order Setting Trial Date & Related

25  Dates.

26

AGREED PRETRIAL ORDER – (No.: C04-0175RJB) - 1

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

1

2

Respectfully submitted, this 19th day of April 2006, by the parties:

3

4
/s/
Paul J. Kundtz, WSBA #13548

/s/
Douglas A. Hofmann, WSBA #6393

5
RIDDELL WILLIAMS P.S.
1001 Fourth Avenue Plaza, Suite 4500

John A. Knox, WSBA #12707
601 Union Street, Suite 4100

6
Seattle, WA 98154
Tel: (206) 624-3600

Seattle, WA  98101-2380
Tel. (206) 340-1000

7
Fax: (206) 389-1708
pkundtz@riddellwilliams.com

Fax (206) 628-6611
dhofmann@wkg.com

8

9
Carolyn M. Branthoover
Douglas J. Simmons

Elisa P. Pizzino
Debra Kackley

10
KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP

Novelis Corporation
6060 Parkland Boulevard

11
525 Smithfield Street
Tel: (412) 355-6500

Cleveland, OH  44124-4185
Tel. (440) 423-6918

12
Fax: (412) 355-6501
cbranthoover@kl.com

Fax: 440-423-6663
elisa.pizzino@novelis.com

13

14
Attorneys for Plaintiffs,
REYNOLDS METALS COMPANY
and ALCOA INC.

Attorneys for Defendants,
ALCAN INC. and ALCAN ALUMINUM
CORPORATION

15

16

17

18

19

20

21

22

23

24

25

26

AGREED PRETRIAL ORDER – (No.: C04-0175RJB)  - 2

291/520414.01
041906/1833/61804.00001

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

The Honorable Robert J. Bryan

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| **REYNOLDS METALS COMPANY and ALCOA INC.,** | |
| **Plaintiffs,** | |
| **and** | |
| **NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.,** | **No. C04-0175RJB** |
| **Plaintiff-in-Intervention** | **PRETRIAL ORDER** |
| **v.** | **TRIAL DATE:  MAY 1, 2006** |
| **ALCAN INC. and ALCAN ALUMINUM CORPORATION,** | |
| **Defendants.** | |

## JURISDICTION

Jurisdiction is vested in this Court by virtue of diversity under 28 U.S.C. § 1332 (a)(1).

PRETRIAL ORDER – (No.C04-0175RJB) - 1

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

## CLAIMS AND DEFENSES

**Plaintiffs Reynolds Metals Company and Alcoa Inc. (collectively "Reynolds" or "Plaintiffs") will pursue the following claims at trial:**

- Reynolds claims that Defendant Alcan Inc. and Alcan Aluminum Corporation (collectively, "Alcan" or "Defendants") gave and breached an implied warranty of merchantability in connection with their sale of aluminum alloy 5083-H321 to Reynolds.

- Reynolds claims that Alcan gave and breached an implied warranty of fitness of its 5083-H321 for marine application.

- Reynolds claims that Alcan is obligated to indemnify Plaintiffs under a theory of implied contractual indemnification for Reynolds' damages resulting from their purchase/resale of Alcan's 5083-H321.

- Reynolds claims that Alcan negligently misrepresented the nature of Alcan's 5083-H321 by failing to disclose material information about the product that it had a duty to disclose.

**Defendants will pursue the following affirmative defenses at trial:**

- Defendants deny each of the Plaintiffs' claims.

- The allegations about implied indemnity fail to state a claim against either Defendant upon which relief may be granted, or are redundant with the breach-of-warranty claims.

- The allegations of negligent misrepresentation and/or nondisclosure fail to state a claim upon which relief may be granted against either Defendant, because of the economic loss rule.

PRETRIAL ORDER – (No. C04-0175RJB) - 2

291/520414.01
041906/1833/61804.00001

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

- The damages being claimed under a theory of misrepresentation were caused in whole or in part by fault on the part of Plaintiffs.

- Plaintiffs failed to mitigate their damages including by failing to pay claims consistent with remedy limits, disclaimers, and choice of Virginia law in terms and conditions specified by RASCO documents in sales to boat builders.

**Plaintiffs' response to Defendants' affirmative defenses:**

- Reynolds denies Defendants' affirmative defenses and all other defenses asserted by Defendants.

## ADMITTED FACTS

**The following facts are admitted by the parties:**

1. In the late 1990s, Reynolds Aluminum Supply Company ("RASCO") was a division of Reynolds Metals Company.  RASCO's business was metals distribution.

**In addition, Plaintiffs contend as follows:**

1. In the late 1990s and early 2000s, the Washington state branch of RASCO made a number of purchases of an aluminum alloy/temper product known as "5083-H321" from Alcan Rolled Products Company, an operating division of Defendants Alcan Inc. and Alcan Aluminum Corporation.

2. RASCO resold Alcan's 5083-H321 to boat builders in the Pacific Northwest, and the boat builders incorporated Alcan's 5083-H321 into more than 300 boats, including passenger ferries, government patrol boats, commercial fishing boats and pleasure craft.

3. Beginning in 2000 and continuing thereafter, reports of corrosion on boats constructed with Alcan's 5083-H321 were brought forward by various boat builders and boat owners.

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

1

2       4.      In response to the reports of corrosion/cracking problems on boats,

Reynolds and Alcan established a group known as the Aluminum Boat Solutions Team

3  (the "Boat Team") to work with the boat builders, boat owners, and the United States

4  Coast Guard to investigate the problems, ascertain their severity and implications, and

5  resolve them.

6       5.      To date, Reynolds has paid for all of the boat inspection and repair

7  activities.

8       6.      Marine applications, including boat building, were among the customary

9  and ordinary applications for aluminum alloy 5083-H321 during the period 1998-2001.

10       7.      Alcan's 5083-H321 as made between 1998 and 2001 was not suitable for

11  use in marine application because the stabilization temperature Alcan chose to use in its

12  manufacture caused it to be sensitized to intergranular corrosion and stress corrosion

13  cracking.

14       8.      At the time of the sales at issue, Alcan was aware that its 5083-H321

15  susceptible to nitergranular corrosion and stress corrosion cracking and that it was not

16  suitable for use in marine applications.

17       9.      At the time of the sales at issue, Alcan was aware that its 5083-H321 was

18  being purchased for resale into marine applications.

19       10.    At the time of the sales at issue, Alcan failed to disclose to RASCO that its

20  5083-H321 was made in a way that caused it to be susceptible to intergranular corrosion

21  and stress corrosion cracking and that it was not suitable for marine applications.

22       11.    At the time of the sales at issue, Alcan failed to disclose to RASCO how its

23  5083-H321 was manufactured, including the temperature at which it was stabilized.

24       12.    At the time of the sales at issue, Alcan failed to disclose to RASCO that it

25  was manufacturing 5083-H321 in a way that differed from the way it previously made it.

26

PRETRIAL ORDER – (No. C04-0175RJB) - 4

291/520414.01
041906/1833/61804.00001

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

13.     Alcan's 5083-H321 as made between 1998 and 2001 was not commercially sound.

14.     Alcan's conduct in the manufacture and sale of its 5083-H321 did not meet the standard of care followed within the aluminum manufacturing industry.

15.     Alcan's conduct described above, including its breaches of warranties and misrepresentation, caused Reynolds to incur substantial damages.

16.     Reynolds' current damages are approximately $59.6 million, including approximately $57.2 million for paid settlements with boat owners and boat builders, and $2.4 million for The Glosten Associates' consulting services associated with these activities.  Reynolds is entitled to recover and is seeking prejudgment interest on all these damages, in an amount of approximately $15.5 million as allowed by law.

**In addition, Defendants contend as follows:**

1.     In 1999-2001 Reynolds and Alcoa were very large companies and were sophisticated manufacturers and distributors of aluminum alloy products that knew or should have known that North American producers did not produce 5083-H321 under a process that insured corrosion resistance in marine applications.

2.     Until May 2000, when Reynolds was acquired by Alcoa, Reynolds did some of its business under the name of "RASCO."

3.     Starting with Alcoa's acquisition of Reynolds in May 2000, and until November 2001, RASCO was one of the names under which Alcoa did business.

4.     The ordinary purposes for which 5083-H321 alloy is used, and for which it was used during the time period at issue in this case, was for use in rail cars, dump truck bodies, and other over-the-road transportation vehicle components.

5.     The 5083-H321 sold to Reynolds/Alcoa by Alcan Aluminum Corporation in 1999-2001 was fit for use in rail cars, dump truck bodies, and other over-the-road

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

transportation vehicle components.

6.      Alcan Aluminum Corporation told Reynolds in 1999 that 5083-H321 made by Alcan Aluminum Corporation is not guaranteed for marine use.

7.      In the late 1960s, Reynolds developed, and registered with the Aluminum Association, the H116 temper as a marine temper for aluminum alloys.

8.      Reynolds and Alcoa both knew before 1998 that H116 is the marine temper for aluminum alloys in North America.

9.      5083 was available on the market during 1999-2001 in H116 temper.

10.     In 1999-2001, Alcoa believed 5083-H321 was unsuitable for marine use.

11.     The custom in the aluminum industry was that merchants such as Reynolds/Alcoa ordered aluminum products according to the ASTM B 209 standard.

12.     Reynolds knew in 1999-2001 that the ASTM B 209 standard required photomicrographic analysis of each lot of H116 to check for aluminum-magnesium precipitate on the grain boundary.

13      Reynolds knew in 1999-2001 that testing requirements for the H116 temper under the ASTM B 209 standard included tests for susceptibility to exfoliation corrosion.

14      Reynolds knew in 1999-2001 that testing requirements for H321 temper under the ASTM B 209 standard did not include tests for any type of corrosion.

15      During 1999-2001, Reynolds ordered and obtained on the market 5083-H116 that met the ASTM B 209 standard.

16.     During 1999-2001, Reynolds ordered 5083-H321 from Alcan Aluminum Corporation that met the ASTM B 209 standard.

17.     All 5083-H321 that Reynolds/Alcoa purchased from Alcan Aluminum Corporation during 1999-2001 met the ASTM B 209 standard.

18.     Reynolds/Alcoa did not require in its orders for 5083-H321 that the

PRETRIAL ORDER – (No. C04-0175RJB) - 6

291/520414.01
041906/1833/61804.00001

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

aluminum have DNV certification.

19.     During 1999-2001, Reynolds/Alcoa knew the 5083-H321 alloy they purchased from Alcan Aluminum Corporation was not certified by DNV.

20.     Neither defendant selected the alloy or the temper in connection with any of the purchases of aluminum that give rise to the claims that are being asserted.

21.     Reynolds/Alcoa did not rely on the skill or judgment of either of the defendants to select either the alloy or the temper in connection with any of the purchases of aluminum by Reynolds/Alcoa that give rise to the claims that are being asserted against the defendants.

22.     If Reynolds/Alcoa was relying on the skill or judgment of either defendant to select either the alloy or the temper in connection with any of the purchases that give rise to the claims that are being asserted, the defendant(s) did not know that.

23.     The defendants did not know the particular purpose(s) for which Reynolds/Alcoa was making purchases of 5083-H321 alloy that are at issue.

24.     Reynolds/Alcoa resold at least some of the 5083-H321 alloy that it purchased from Alcan Aluminum Corporation based on representations to its customers that the goods had qualities that Reynolds/Alcoa knew neither defendant had certified the 5083-H321 to have.

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

## ISSUES OF LAW

**The following is Plaintiffs' statement of the issues of law to be determined by the Court:**

1.      Did the Alcan Defendants breach the implied warranty of merchantability in connection with their sale of aluminum alloy 5083-H321 to RASCO by selling a product that was not fit for one or more of the ordinary purposes to which it customarily was put?

2.      Did the Alcan Defendants give an implied warranty of fitness for a particular purpose – use in marine applications – in connection with their sale of aluminum alloy 5083-H321 to RASCO?

3.      Did the Alcan Defendants breach the implied warranty of fitness for a particular purpose in connection with their sale of aluminum alloy 5083-H321 to RASCO?

4.      Are the Alcan Defendants liable to Reynolds under a theory of implied contractual indemnification for Reynolds' damages resulting from RASCO's purchase and resale of Alcan's 5083-H321?

5.      Did the Alcan Defendants misrepresent the nature of Alcan's 5083-H321 to RASCO?

**The following is Defendants' statement of additional issues of law to be determined by the Court:**

6.      Do the allegations relating to implied indemnity state a claim upon which relief may be granted, or is such a claim barred as redundant with the breach of warranty claims being asserted?

7.      In light of the economic loss rule, do the allegations of negligent misrepresentation fail to state a claim upon which relief may be granted?

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

8.      If the claim for negligent misrepresentation is tried, what percentage of any damages were proximately caused by contributory fault on Reynolds/Alcoa's part?

9.      If the claim for negligent misrepresentation is tried, and if the evidence presented at trial indicates that Judge Lasnik's ruling that Alcan Aluminum Corporation had, as a matter of law, an affirmative duty to disclose certain facts to Reynolds/Alcoa because the facts were peculiarly within Alcan Aluminum Corporation's knowledge should be withdrawn, may the trial court do so, and should the trial court do so?

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

**EXPERT WITNESSES**

The names and addresses of the expert witnesses <u>to be used</u> by each party at the time of trial and the general nature of their testimony are as follows:

**On behalf of Plaintiffs:**

1.  James Towers
    3530 South Fox Spit Road
    Langley, Washington
    (will testify – live, or by deposition if unavailable)
    Mr. Towers, a long-time professional in the field of naval engineering and marine architecture, generally would testify about 5083-H321's common use as a marine alloy/temper combination throughout the 1980s-early 2000s. He also would testify regarding several marine certification societies, their involvement with aluminum vessel construction, and their recognition of 5083-H321 for use in marine applications. He would testify regarding the interactions between metal distributors, the U.S.C.G., and boat builders, and the reuse/resale of excess project materials. Mr. Towers also may testify regarding his role in the investigation of the boat problems at issue in this litigation.

**On behalf of Defendants:**

1.  Scott Goodrich
    Business Address:
    Pechiney Rolled Products, LLC
    P.O. Box 68
    Century Road
    Ravenswood, West Virginia  26164
    (will testify – live or by deposition if unavailable)
    Mr. Goodrich has had 26 years working in aluminum alloy development and manufacture. He will generally testify that during the period 1999 through 2001 the H321 and H116 tempers were not interchangeable for marine applications. The two tempers were processed differently and only the –H116 temper was subject to corrosion testing, and that the process route for –H321 at Ravenswood would not necessarily meet the corrosion requirements of the –H116 temper.

PRETRIAL ORDER – (No. C04-0175RJB) - 10

291/520414.01
041906/1833/61804.00001

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

1

2

3

4

        **Additionally, the names and addresses of the expert witnesses who <u>may be used</u> by each party at the time of trial and the general nature of their testimony are as follows:**

        **On behalf of Plaintiffs:**

5

6

7

8

9

10

11

12

1.     Gary Schmauch
      2230 S. Steen Rd
      Veradale, WA 99037
      (may testify – live, or by deposition if unavailable)
           Mr. Schmauch, a metallurgist and long-time participant in the aluminum manufacturing industry, generally would testify about the use of 5083-H321 for marine applications, the known corrosion susceptibility effect of stabilizing 5083-H321 at 150°C, the interactions between the aluminum manufacturing industry and the metal distribution market, and the best commercial practices used within the aluminum manufacturing industry in connection with the manufacture and sale of structural high magnesium alloys such as 5083-H321.

13

14

15

16

17

18

19

2.     Rudolph G. Buchheit
      2464 Caterbury Road
      Columbus, Ohio   43221
      (may testify – live, or by deposition if unavailable)
           Professor Buchheit generally would testify regarding professionals' long-standing knowledge of the sensitization phenomenon in 5xxx-series alloys and the resulting corrosion risks, the methods of testing 5xxx-series alloys for corrosion susceptibility, the type and degree of susceptibility found with Alcan's 5083-H321, and the validity of the Boat Team and Alcoa's corrosion testing of Alcan's 5083-H321.

20

        **On behalf of Defendants:**

21

22

23

24

25

26

1.     Thomas J. Summerson
      4711 E. 36th Court
      Spokane, Washington  99223
      (may testify – live or by deposition if unavailable)
           Mr. Summerson is an aluminum corrosion specialist with a long career in the aluminum industry and as a representative of Kaiser Aluminum he represented his company in development of corrosion resistant tempers for the 5xxx alloys.  He would generally testify that since 1970's, the North American Aluminum Industry, including representatives of the Plaintiffs, addressed the corrosion potential of the 5xxx alloys by developing and

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

adopting the –H116 and –H117 tempers, and that during the period of sales at issue, only the –H116 temper was recognized by North American Aluminum industry standards to require process and testing controls to prevent intergranular corrosion.

## OTHER WITNESSES

**The names and addresses of witnesses, other than experts, <u>to be used</u> by each party at the time of trial and the general nature of the testimony of each are as follows.**

**On behalf of Plaintiffs:**

1.      Caroline E. Bell
        30308 104th Avenue Southeast
        Auburn, WA 98002
        (will testify – live, or by deposition if unavailable)
                Ms. Bell generally would testify regarding RASCO/Integris purchases of 5083-H321 from Alcan, RASCO's operations, Alcan's visits to RASCO offices, RASCO's marine program, and the initial investigation of the boat problems.

2.      Francine Bovard
        *Corporate Address:*
        100 Technical Drive
        Alcoa Technical Center
        Alcoa Center, PA 15069
        (will testify – live)
                Ms. Bovard generally would testify regarding the Aluminum Boat Solutions Team activities and the analysis of Alcan's 5083-H321.

3.      Dave Custers
        *Corporate Address:*
        1 Lappan's Lane
        Kingston, ON  (Canada) K7K6Y8
        (will testify – live, by agreement of Alcan's counsel)[1]
                Mr. Custers generally would testify regarding the production of 5xxx-series alloys at Alcan's Kingston, Ontario, Canada facility, the characteristics of Alcan's 5083-H321, the interactions between Kingston and Alcan's Cleveland IPG, and the initial investigation of the boat problems.

---

[1] Alcan's counsel has agreed to bring three Alcan witnesses for trial during Plaintiffs' case and four additional Alcan witnesses requested by Plaintiffs during Alcan's case.

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

4.      Robert Fulton
        *Corporate Address:*
        Novelis Corporation
        Mayfield Heights, OH
        (will testify – live, by agreement of Alcan's counsel)
                Mr. Fulton generally would testify regarding the production, testing and use
                of 5083-H321, his interactions with RASCO's Washington State branch, the
                Cleveland IPG, and the Alcan Kingston manufacturing facility, and his
                involvement in the investigation of the boat problems.

5.      Paul Jeffrey
        722 Holgate Crescent
        Kingston, ON  (Canada)
        (will testify – by deposition)
                Mr. Jeffrey generally would testify regarding his activities and research for
                Alcan's Kingston Research Development Centre, his interaction with
                Alcan's manufacturing facilities regarding the production of 5xxx-series
                alloys, and his work for Alcan on the Aluminum Boat Solutions Team.

6.      Trevor Lewis
        20 Forest Drive
        Kingston, ON K7L 4V1
        (will testify – live, by agreement of Alcan's counsel)
                Mr. Lewis generally would testify regarding his activities and research for
                Alcan's Kingston Research Development Centre, his interaction with
                Alcan's manufacturing facilities regarding the production of 5xxx-series
                alloys, and his work relating to aluminum standards.

7.      David Lloyd
        106 Nicholson Point
        Bath, ON (Canada)
        (will testify – by deposition)
                Dr. Lloyd generally would testify regarding the manufacture and use of
                5083-H321 and Alcan's investigation of the same.

8.      Matthew Nichols (or other representative of Nichols Brothers Boat Builders)
        *Corporate Address:*
        Nichols Brothers Boat Builders, Inc.
        P.O. Box 580
        5400 S. Cameron Road
        Freeland, WA  98249
        (will testify – live, or by deposition if unavailable)
                Mr. Nichols generally would testify regarding the use of 5083-H321 for
                marine vessel construction and the investigation of the boat problems.

PRETRIAL ORDER – (No. C04-0175RJB) - 13

Riddell Williams p.s.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

9.      Randy Pulley
        3601 42nd Avenue Northeast
        Tacoma, WA 98422
        (will testify – live, or by deposition if unavailable)
              Mr. Pulley generally would testify regarding Integris' purchases and sales,
              interaction with aluminum manufacturers, and the investigation of the boat
              problems.

10.     Steve Simpson
        *Corporate Address:*
        1 Lappan's Lane
        Kingston, ON  K7K6Y8 (Canada)
        (will testify – live, by agreement of Alcan's counsel)
              Mr. Simpson generally would testify regarding the production of 5xxx-
              series alloys at Alcan's Kingston, Ontario, Canada facility, the
              characteristics of Alcan's 5083-H321, the interactions between Kingston
              and Alcan's Cleveland IPG, and the initial investigation of the boat
              problems.

11.     Richard Strong
        *Corporate Address:*
        The Glosten Associates
        1201 Western Ave., Suite 200
        Seattle, WA  98101-2921
        (will testify – live)
              Mr. Strong generally would testify regarding the Aluminum Boat Solutions
              Team activities, the analysis of Alcan's 5083-H321, and damages.

12.     James Greg Sutherland
        *Corporate Address:*
        Pechiney Cast Plate
        3200 Fruitland Avenue
        Vernon, California  90058
        (will testify – live, by agreement of Alcan's counsel)
              Mr. Sutherland generally would testify regarding the procedures and sales
              of Alcan's Cleveland IPG, the development of 5xxx-series alloy production
              by Alcan, and Alcan's investigation of the boat problems (including the
              Aluminum Boat Solutions Team activities).

13.     William Taylor
        *Corporate Address:*
        Integris Metals (Ryerson Tull)
        2306 "B" Street NW

PRETRIAL ORDER – (No. C04-0175RJB) - 14

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

291/520414.01
041906/1833/61804.00001

Auburn, Washington 98001
(will testify – live, or by deposition if unavailable)
    Mr. Taylor generally would testify regarding RASCO/Integris' purchases and sales, interaction with aluminum manufacturers and boat builders, RASCO's marine program, and the investigation of the boat problems.

14.    Lynn Voss
    1847 Second Street
    Kirkland, WA 98033
    (will testify – live, or by deposition if unavailable)
        Mr. Voss generally would testify regarding RASCO's purchases of 5083-H321 from Alcan, RASCO's operations, Alcan's visits to RASCO offices, and RASCO's marine program.

15.    Paul Wycliffe
    548 Braeside Crescent
    Kingston, ON (Canada)
    (will testify – live, by agreement of Alcan's counsel)
        Mr. Wycliffe generally would testify regarding the analysis of Alcan's 5083-H321 after the boat problems arose and his work for Alcan.

16.    Erik Young
    476 Jennifer Lane
    Rays Lake, IL 60030
    (will testify – live, by agreement of Alcan's counsel)
        Mr. Young generally would testify regarding his work as an outside salesperson for Alcan, including his interactions with RASCO's Washington State branch, and Alcan's sales of 5xxx-series alloys.

**On behalf of Defendants:**

1.    Caroline E. Bell
    30308 104th Ave Southeast
    Auburn, Washington 98002
    (will testify - live)
        Ms. Bell will generally testify about the Reynolds, Auburn, Marine Program, her knowledge concerning the differences and similarities between the tempers and the sources of her understanding and well as her representations to customers concerning the differences in the tempers and alloys.

2.    Todd Brown
    1720 Saint Marks Church Road
    Building 2-2E

291/520414.01
041906/1833/61804.00001

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

Burlington, NC 27215
(will testify- live or by deposition)
     Mr. Brown will testify that he received disclaimer from Alcan as an
employee of Reynolds that Alcan's 5083-H321 was not guaranteed in
marine applications and transmitted that information to Reynolds Auburn.

3.     Harold Bushfield
     149 Harvest Lane
     Harrison City, PA 15636
     (will testify – live, by agreement of Alcoa's counsel)
          Mr. Bushfield will generally testify concerning the industry understanding
concerning the corrosion requirements in the 5xxx alloys, the confusion
among users between the -H116 and ¬H321 tempers, and the industry effort
to address the confusion issue.

4.     Ernest Chiarella
     176 County Route 42
     Oswego, NY 13126
     (will testify - by deposition)
          Mr. Chiarella generally will testify about production operations concerning
5xxx alloys at Alcan's Oswego facility and the facilities marine
designations.

5.     David Custers
     Business Address:
     1 Lappan's Lane
     Kingston, Ontario (Canada) K7K6Y8
     (will testify -live)
          Mr. Custers generally would testify regarding production of 5xxx series
alloys at Alcan's Kingston, Ontario, Canada facility, the interactions
between the Kingston plant and Alcan's Cleveland IPG group and the initial
investigations of the boat issues.

6.     Polly Fabry
     3724 Glenshannon Lane
     Flower Mound, TX 75022
     (will testify – live or by deposition)
          Ms Fabry generally will testify concerning the disclaimer she gave to
Reynolds personnel that Alcan's 5083-H321 was not guaranteed for marine
applications in her role as inside sales.

7.     Robert Fulton
     Business Address:

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

1   Novelis Corporation
2   Mayfield Heights, OH
    (will testify – live)
3           Mr. Fulton will testify concerning his interactions with Reynolds Auburn
            Branch, his role in the IPG group and his involvement in the investigations
4           of the boat problems.

5   8.  Amy Gonyer
        21 Chestnut Drive
6       Blue Grass, IA 52726
7       (will testify-live, by agreement of Alcoa's counsel)
                Ms. Gonyer will generally testify about her presentations to the Reynolds
8               Auburn facility and boat builders, her understanding to the differences in
                production practices at Alcoa Davenport for 583-H321 and H116, Alcoa's
9               willingness to sell 5083-H321 for marine applications and her knowledge
                concerning the corrosive characteristics of Alcoa Davenport's 5083-H321.
10

11  9.  ShaRee Hansen
        1379 Yellowstone Road
12      Cleveland Heights, Oh 44121
13      (will testify - live)
                Ms. Hansen will generally testify concerning her role as inside sales person
14              for Alcan's IPG unit and the fact that she informed Lynn Voss and Carrie
                Bell that Alcan's 5083-H321 was not guaranteed for marine applications.
15

16  10. Chester H. Holtyn
        2541 Liberty Hill Road
17      Powhatan, VA 23139
        (will testify - by deposition)
18              Mr. Holtyn will generally testify about his role and Reynolds developing
                the marine market and participating on behalf of his company in designating
19              appropriate marine alloys and tempers.

20  11. Paul Jeffrey
        722 Holgate Crescent
21      Kingston ON (Canada)
22      (will testify - by deposition)
                Mr. Jeffery will generally testify concerning the participation of Reynolds
23              and Alcoa on the industry committees and the standards adopted for
                corrosion resistant tempers. He will also testify about his activities at
24              Alcan's Kingston Research and Development Centre and his work. on the
                Aluminum Boat Solutions Team.
25

26

PRETRIAL ORDER – (No. C04-0175RJB) - 17

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

12.     Trevor Lewis
        20 Forest Drive
        Kingston, ON K7LAV I
        Canada
        (will testify – live)
                Mr. Lewis generally would testify regarding his activities in the standards
                making process and his interaction with the manufacturing facilities
                concerning the production of the 5xxx alloys.

13.     Dr. David Lloyd
        106 Nicholson Point
        Bath, ON
        Canada
        (will testify - by deposition)
                Dr. Lloyd generally will testify about the manner of fabricating 5083-H321
                as required by the appropriate standards and the differences between it and
                the -H116 temper as well as Alcan's review of the boat problems at issue in
                this case.

14.     Jesse Munson
        Business address:
        17183 Bennett Road
        Mount Vernon WA 98273
        (will testify - live)
                Mr. Munson will generally testify concerning his investigation of the
                problems of the Alcan metal and his conclusions concerning the cause of
                the problem.

15.     William Munson
        18130 Sunset Ave.
        Edmonds, WA 98026
        (will testify -live or by deposition if unavailable)
                Mr. Munson will generally testify how Reynolds caused him to use the
                Alcan metal to cut their inventory costs and whether he would use metal for
                boat construction if told it was not guaranteed for marine construction.

16.     Mark T. Murphy
        4328 Southwest Henderson Street
        Seattle, WA 98136
        (will testify-live, by agreement of Alcoa's counsel)
                Mr Taylor generally will testify concerning communications between Alcoa
                and Reynolds on the use of 5083-H321 in marine applications and the Amy
                Gonyer presentation.

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

17.   Matthew Nichols
      Business Address:
      Nichols Brothers Boat Builders, Inc.
      P.O. Box 580
      5400 S. Cameron Road
      Freeland, WA 98249
      (will testify - live or by deposition if unavailable)
            Mr. Nichols will generally testify concerning the use of Lloyd's certified
            5083-H321, his understanding of the certification and his willingness to use
            metal in boat construction that he had been informed was not guaranteed for
            marine applications.

18.   Randy Pulley
      3601 42nd Avenue Northeast
      Tacoma, WA 98422
      (will testify - live or by deposition if unavailable)
            Mr. Pulley will generally testify about his investigation of the boat
            problems and his communications with customers on the issue.

19.   George Pursey
      31660 Crabtree Lane
      Solo, Ohio 44139
      (will testify- live or by deposition if unavailable)
            Mr. Pursey will generally testify about the sales and procedures of
            Cleveland TPG unit and its market competition. How Alcan developed the
            5083-H321 product in this case. He will describe the purpose of sales call
            and the nature of sales into the distribution market. He will also address
            Alcan's investigation of the boat problems.

20.   Steve Simpson
      Business Address:
      1 Lappen's Lane
      Kingston, ON K.7K6Y8
      Canada
      (will testify - live)
            Mr. Simpson generally will testify regarding the industry understanding of
            the -H116 and -H321 tempers, how Alcan developed 5083-H321 at issue,
            the interactions between Kingston and Cleveland IPG, considerations in
            developing a product and the investigations of the boat problems.

21.   J. Greg Sutherland
      Busness Address:
      Pechiney Cast Plate
      3200 Fruitland Avenue

291/520414.01
041906/1833/61804.00001

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

Vernon, California 90058
(will testify - live)
     Mr. Sutherland will generally discuss Alcan 1PG sales and marketing
procedures, the development of the 5xxx alloys and the investigation of the
boat problems.

22.    William Taylor
Business Address:
Integris Metals(Ryerson Tull)
2306 "B" Street
Auburn, Washington 98001
(will testify-live)
     Mr Taylor will generally testify regarding his role in the marine marketing
program. The manner in which Reynolds sold to customers and the
interaction between Reynolds, aluminum suppliers and boat building
customers.

23.    Lynn Voss
1847 Second Street
Kirkland, WA 98033
(will testify-live)
     Mr. Voss will generally testify about his development of the marine
marketing program and its objectives, interaction with Alcan
representatives, his understanding of Alcan's disclaimer and the
investigation of claims concerning the Alcan metal.

24.    Paul Wycliffe
548 Braeside Crescent
Kingston, ON K7M5A6
Canada
(will testify - live)
     Mr. Wycliffe generally testify will about the standards and the appropriate
temper for marine applications and how products are made pursuant to the
standards to address market needs and the requirement that one specify the -
H 116 temper for applications where corrosion resistance was required, his
work for the boat solutions team and his work at KRDC.

25.    Erik Young
476 Jennifer Lane
Rays Lake, 1160030
(will testify-live)

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

Mr. Young generally will testify regarding his work in outside sales for Alcan IPG, his visits to Reynolds Auburn and conversations with Reynolds employees and matters involving sales of Alcan's 5083-H321.

26.   Past and present representatives of ACB, Aluminum Chambered Boats Bellingham, Washington
(will testify – live)
Past and present representatives of ACB, Aluminum Chambered Boats, including but not limimted to Larry Wieber and Michael Baker may testify about ACB boats had historically used 5086 and that they were approached in 1998 by Reynolds representatives bout using a new, equal and improved material for their aluminum boats – 5083-H321.  ACB may also testify how they relied upon the representations and recommendations of Reynolds and used 5083-H321 in production.  In addition, they may also testify about the lawsuit that ACB filed against Reynolds.

**Additionally, the names and addresses of witnesses, other than experts, who may be used by each party at the time of trial and the general nature of the testimony of each are as follows.**

**On behalf of Plaintiffs:**

1.   Robert Bell
Integris Metals (Ryerson Tull)
*Corporate Address:*
455 85th Avenue, NW,
Minneapolis, MN  55433
(possible witness – live)
Mr. Bell generally would testify regarding RASCO/Integris' purchases and sales of 5083-H321, its marine program, and the investigation of boat damage.

2.   Robert L. Brown, Keith Whittemore, or other representative of Kvichak Marine Industries
*Corporate Address:*
469 Bowdoin Place
Seattle, WA  98107
(possible witness – live, or by deposition if unavailable)
Mr. Brown generally would testify regarding the use of 5083-H321 for marine vessel construction and the investigation of the boat problems.

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

3.    Heather Campbell
       16 66th Place
       Long Beach, CA 90803
       (possible witness – by deposition)
              Ms. Campbell generally would testify regarding her work as an outside
       salesperson for Alcan, including her interactions with RASCO's
       Washington State branch, along with her sales experiences with other
       aluminum manufacturers in connection with 5xxx-series alloys.

4.    Rainer Eckart
       *Corporate Address:*
       Northwest Labs
       241 South Holden Street
       Seattle, WA 98108
       (possible witness – live)
              Mr. Eckart generally would testify regarding the testing and inspection of
       Alcan 5083-H321 and investigation of the boat problems.

5.    Polly Fabry
       3724 Glenshannon Lane
       Flower Mound, TX 75022
       (possible witness – by deposition)
              Ms. Fabry generally would testify regarding her work as an inside
       salesperson for Alcan, including the IPG procedures and her interactions
       with RASCO's Washington State branch and with Alcan's Kingston
       manufacturing facility.

6.    Kevin Gilmore
       1325 North Sherwood Street
       Spokane, WA 99201
       (possible witness – live, or by deposition if unavailable)
              Mr. Gilmore generally would testify regarding his work as an outside
       salesperson for Alcan, including his interactions with RASCO's
       Washington State branch, along with his sales experiences with other
       aluminum manufacturers in connection with 5xxx-series alloys.

7.    Kevin Greenawalt
       17400 Old Tannery Trail
       Chagrin Falls, OH 44023
       (possible witness – live, or by deposition if unavailable)
              Mr. Greenawalt generally would testify regarding the procedures and sales
       of Alcan's Cleveland IPG.

PRETRIAL ORDER – (No. C04-0175RJB) - 22

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

8.     Donna Grill (Lloyd's Record Custodian)
       *Corporate Address:*
       Lloyd's Registry of Shipping
       1401 Enclave Parkway
       Suite 200
       Houston, TX 77077
       (possible witness – by deposition)
              Mr. Grill generally would testify regarding the authenticity of documents
              produced by Lloyd's Registry of Shipping in this litigation.

9.     Sharee Hansen
       1379 Yellowstone Road
       Cleveland Heights, OH 44121
       (possible witness – live, or by deposition if unavailable)
              Ms. Hansen generally would testify regarding her work as an inside
              salesperson for Alcan, including the IPG procedures and her interactions
              with RASCO's Washington State branch and with Alcan's Kingston
              manufacturing facility.

10.    Eugene Iacino
       320 Drummond Avenue
       Hubbard, OH 44425
       (possible witness – by deposition)
              Mr. Iacino generally would testify regarding the certification of Alcan's
              Oswego, NY facility by Lloyd's Registry of Shipping, and his interaction
              with Alcan and others after the boat problems were discovered.

11.    Douglas E. Johnson
       14004 253rd Avenue Southeast
       Issaquah, WA 98027
       (possible witness – live, or by deposition if unavailable)
              Mr. Johnson generally would testify regarding RASCO/Integris' purchases
              and sales, interaction with aluminum manufacturers, and the investigation
              of the boat problems.

12.    Rebecca Meaker
       10416 Andover Drive
       Twinsburg, OH 44087
       (possible witness – live, or by deposition if unavailable)
              Ms. Meaker generally would testify regarding her work in inside sales for
              Alcan, including the IPG procedures and her interactions with RASCO's
              and with Alcan's Kingston manufacturing facility.

291/520414.01
041906/1833/61804.00001

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

13.   William E. Munson (or other representative of Wm. E. Munson Co.)
      18130 Sunset Way
      Edmonds, WA 98026
      (possible witness – live or by deposition if unavailable)
            Mr. Munson generally would testify regarding the use of 5083-H321 for
            marine vessel construction and the investigation of the boat problems.

14.   Edward Peckham or other representative of Russel Metals
      Halifax, Nova Scotia (Canada)
      (possible witness – live)
            Mr. Peckham generally would testify regarding Russel Metals' purchases of
            5083-H321 from Alcan for resale into marine application, the boat
            corrosion that was encountered, and Alcan's refusal to contribute to the
            resulting repairs.

15.   Dirk B. Rozema (or other representative of Rozema Boat Works Inc.)
      *Corporate Address:*
      111130 Bayview-Edison Road
      Mount Vernon, WA  98273
      (possible witness – live, or by deposition if unavailable)
            Mr. Rozema generally would testify regarding the use of 5083-H321 for
            marine vessel construction and the investigation of the boat problems.

      Plaintiffs also reserve the right to use at trial portions of the corporate deposition
testimony provided by designees of Alcan Aluminum Corporation and/or Alcan Inc. and
taken pursuant to F.R.C.P. 30(b)(6).

      **On behalf of Defendants:**

1.    David Bonney
      Business Address:
      Novelis Corporation
      Oswego, New York
      (possible witness-live or by deposition if unavailable)
            Mr. Bonney will generally testify concerning the practices in Oswego of
            making and certifying products in accordance with customer orders.

2.    Heather Campbell
      16 66th Place
      Long Beach, CA 90803
      (may testify-by deposition)
            Ms. Campbell will generally testify about her knowledge of Reynolds
            Auburn re-sales of Alcan 5083-H321 when Reynolds began buying the

PRETRIAL ORDER – (No. C04-0175RJB) - 24

291/520414.01
041906/1833/61804.00001

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

1    Alcan metal and her understanding concerning Reynolds sales into the over
2    the road market.

3.   William Dowdle
3    125 Ellen Street
     Oswego, NY 13126
4    (possible witness – live or by deposition if unavailable)
5         Mr. Dowdle will testify concerning the Oswego facilities marine
          certification.
6

7    4.   Phil Epp
     Business Address:
8    Novelis Corporation
     Oswego, NY
9    (possible witness-live or by deposition if unavailable)
          Mr. Epp generally will testify concerning the production of 5xxx alloys at
10        Alcan's Oswego facility and the tempers intended for marine applications.

11
     5.   Kevin Gilmore
12        1325 North Sherwood Street
          Spokane, WA 99201
13        (possible witness- live or by deposition if unavailable)
14            Mr. Gilmore will generally testify concerning his work as an outside sales
              person for Alcan and Reynolds Auburn's knowledge of the distinction in
15            tempers in the 5xxx alloys in connection with marine applications along
              with general market practices concerning purchase and resale of marine
16            grade alloys from other manufacturers.

17   6.   Donna Grill (Lloyd's Record Custodian)
          Business Address:
18        Lloyd's Registry of Shipping
19        1401 Enclave Parkway
          Suite 200
20        Houston, TX 77077
          (possible witness- by deposition)
21            Ms. Grill generally will testify concerning the authenticity of documents
              produced by Lloyd's Registry of Shipping.
22

23   7.   Eugene Iacino
          320 Drummond Avenue
24        Hubbard, Ohio 44425
          (may testify - by deposition)
25

26

PRETRIAL ORDER – (No. C04-0175RJB) - 25

291/520414.01
041906/1833/61804.00001

1                 Mr. Iacino generally will testify about the meaning of a plant be listed by

2                 Lloyds, its relationship to metal produced and the requirements of obtaining

                   Lloyd's certified metal.

3

4    8.     Douglas Johnson

         14004253rd Avenue Southeast

5        Issaquah, WA 98027

         (possible witness-live or by deposition if unavailable)

6               Mr. Johnson generally would testify about Reynolds Auburn purchases and

               interaction with customers and Alcon.

7

8    9.     Rebecca Meaker

         10416 Andover Drive

9        Twinsburg, OH 44087

         (possible witness---live or by deposition if unavailable)

10             Ms. Meaker generally will testify about her role in IPG sales, her interaction

             with Reynolds, the Alcan Kingston facility and IPG procedures.

11

12   10.   Dirk Rozema

         Business Address:

13       111130 Bayview-Edison Road

         Mount Vernon, Washington 98273

14      (may testify-live or by deposition if unavailable)

              Mr. Rozema generally will testify about his use of the Alcan metal and

15          whether he would have used it. if told that it was not guaranteed for marine

             applications.

16

17   11.   Keith Whittmore

         Business Address:

18       469 Bowdoin Place

         Seattle, Washington 98107

19      (may testify—live or by deposition if unavailable)

             Mr. Whittmore will generally testify about his business relationship with

20          Reynolds, Auburn. His knowledge of the Alcan disclaimer and the Alcoa

             presentation on 5083-H321.

21

22

23                       **EXHIBITS**

24   **1.  On behalf of Reynolds:**

25     Plaintiffs anticipate offering the exhibits appearing on the list appended to this draft

26  Pretrial Order.  Beside each exhibit is a space where Defendants have indicated with an

PRETRIAL ORDER – (No. C04-0175RJB) - 26

291/520414.01
041906/1833/61804.00001

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

"X" their stipulations of authenticity and admissibility, and a space where they have

described the nature of any objection (using abbreviations such as "HS" for hearsay, "I"

for irrelevant, "NF" for no foundation, etc.).

    **2.**        **On behalf of Alcan:**

    Defendants anticipate offering the exhibits appearing on the list appended to this

draft Pretrial Order.  Beside each exhibit is a space where Plaintiffs have indicated with an

"X" their stipulations of authenticity and admissibility, and a space where they have

described the nature of any objection (using abbreviations such as "HS" for hearsay, "I"

for irrelevant, "NF" for no foundation, etc.).

## ACTION BY THE COURT

    (a)      This case is scheduled for trial before a jury on May 1, 2006, at 9:30 a.m.

    (b)      Trial briefs shall be submitted to the Court on or before April 26, 2006.

    (c)      Proposed jury instructions, proposed voir dire questions, and trial exhibits

shall be submitted to the Court on or before April 26, 2006.

    This Order has been approved by the parties as evidenced by the signature below of

their counsel.  This order shall control the subsequent course of the action unless modified

by a subsequent order.  This order shall not be amended except by order of the Court

pursuant to agreement of the parties or to prevent manifest injustice.

    DATED this 1ST day of May, 2006.


                *Robert J Bryan*

                ROBERT J. BRYAN
                United States District Judge

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

1    FORM APPROVED:

2

                        /s/
3    ─────────────────────────────────────
     Attorney for Plaintiffs, Reynolds Metals Company and Alcoa Inc.
     Paul J. Kundtz, WSBA #13548 -  RIDDELL WILLIAMS P.S.
4    Carolyn M. Branthoover, Douglas J. Simmons
     KIRKPATRICK & LOCKHART NICHOLSON GRAHAM
5

                        /s/
6    ─────────────────────────────────────
     Attorney for Defendants, Alcan Inc. and Alcan Aluminum Corporation
7    Douglas A. Hofmann, WSBA #6393; John A. Knox, WSBA #12707
     WILLIAMS KASTNER & GIBBS PLLC
8
     Eliza P. Pizzino, Debra Kackley - NOVELIS CORPORATION
9

                        /s/
10   ─────────────────────────────────────
     Attorney for Plaintiff-in-Intervention National Union Fire Insurance Company of
     Pittsburgh, PA
11   Earl M. Sutherland, WSBA#23928 - REED MCCLURE
     Gregory H. Teufel, C. Scott Tate
12   SCHNADER HARRISON SEGAL & LEWIS, LLP

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PRETRIAL ORDER – (No. C04-0175RJB) - 28

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600