1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

REYNOLDS METALS COMPANY and
ALCOA INC.,

           Plaintiffs,

   and

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,

           Plaintiff-in-Intervention,

    v.

ALCAN INC. and ALCAN ALUMINUM
CORPORATION,

           Defendants.

Case No.  C04-0175RJB

ORDER GRANTING IN PART
AND DENYING IN PART
DEFENDANTS' MOTION FOR
DISMISSAL OF NEGLIGENT
MISREPRESENTATION CLAIM

     This matter comes before the Court on Alcan Defendants' Motion for Dismissal of Negligent Misrepresentation Claim.  Dkt. 232.  Defendants Alcan, Inc. (hereinafter "Alcan") And Alcan Aluminum Corpration (hereinafter "Alcancorp") move the Court pursuant to Fed. R. Civ. P. 12(b)(6), 12(c), and 12(h)(2) for an order dismissing, with prejudice, the negligent misrepresentation claim against one or both of them.  The Court, having considered the motion, response, and reply, and related documents previously filed, grants the motion in part and denies it in part.

FACTUAL BACKGROUND

     Reynolds has filed suit against Alcan and its wholly owned subsidiary, Alcancorp, alleging breach of contract based on express and implied warranties, contractual indemnification, implied indemnification,

contribution, violation of Washington's Product Liability Act ("WPLA"), and negligent misrepresentation.

On February 15, 2005, the Court granted Alcancorp's motion for summary judgment on the misrepresentation claim, the WPLA claim, and the indemnification claims against Alcancorp to the extent those claims asserted causes of action based on either contractual indemnification or tort-based indemnification. *See* Dkt. 90. The Court denied Alcancorp's summary judgment motion as it related to the claims for breach of contract, implied contractual indemnification, and contribution. *Id.*

On May 17, 2005, the Court reinstated the misrepresentation claim against Alcancorp, holding that dismissing this claim was premature and allowing Reynolds to continue discovery. Dkt. 138. Before the Court issued the reconsideration order, and relying on the February 15 summary judgment order, Alcan moved to dismiss all claims against it. Alcan argued that all of the non-contract claims raised against it had been dismissed and asserted that it was not a party to any of the agreements that formed the basis of Reynolds's breach of contract claims. In its order denying Alcan's motion to dismiss the breach of contract claims against it, Dkt. 139, the Court found that legitimate questions of fact remained whether Alcan is a party to the Alcancorp-Reynolds Electronic Data Interchange Master Trading Partner Agreements ("EDI" agreements). Dkt. 139 at 3-4. The Court also refused to dismiss the tort-based claim against Alcan. Dkt. 139 at 4.

On April 12, 2006, Defendants jointly moved to dismiss the negligent misrepresentation claim against one or both of them.

<u>DISCUSSION</u>

For the reasons set forth below, the Court should dismiss the negligent misrepresentation claim against Alcancorp. Legitimate questions of fact remain whether the claim can proceed against Alcan that preclude 12(b)(6) dismissal or summary judgment under Fed. R. Civ. P. 56(c).

1. Legal Standard

A court may dismiss a claim if it appears beyond doubt that the plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief. *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983), *citing Conley v. Gibson*, 355 U.S. 41, 45-56 (1957). Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983).

1    A court may properly look beyond the complaint to matters of public record and doing so does not convert

2    a Rule 12(b)(6) motion to one of summary judgment. *Gemtel Cor. v. Community Redevelopment Agency*, 23

3    F.3d 1542, 1544, n. 1 (9th Cir. 1994).

4         A motion to dismiss made under Federal Rule of Civil Procedure 12(b)(6) must be treated as a motion

5    for summary judgment under Federal Rule of Civil Procedure 56 if either party to the motion to dismiss

6    submits materials outside the pleadings in support or opposition to the motion, and if the district court relies

7    on those materials. Fed.R.Civ.P. 12(b)(6); *Jackson v. Southern California Gas Co.*, 881 F.2d 638, 643 n. 4

8    (9th Cir.1989) ("The proper inquiry is whether the court relied on the extraneous matter.").  A party that has

9    been notified that the court is considering material beyond the pleadings has received effective notice of the

10   conversion to summary judgment. *See Grove v. Mead Sch. Dist. No. 354*, 753 F.2d 1528, 1533 (9th Cir.), *cert.*

11   *denied*, 474 U.S. 826 (1985); *Townsend v. Columbia Operations*, 667 F.2d 844, 849 (1982).  Moreover, the

12   fact that the court had before it exhibits outside the pleadings can constitute constructive notice.  *See Grove*,

13   753 F.2d at 1533 (holding that notice is given "when a party has reason to know that the court will consider

14   matters outside the pleadings").

15        Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and

16   admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material

17   fact and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c). The moving party

18   is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an

19   essential element of a claim in the case on which the nonmoving party has the burden of proof.  *Celotex Corp.*

20   *v. Catrett*, 477 U.S. 317, 323 (1985).  There is no genuine issue of fact for trial where the record, taken as a

21   whole, could not lead a rational trier of fact to find for the non moving party.  *Matsushita Elec. Indus. Co. v.*

22   *Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative

23   evidence, not simply "some metaphysical doubt.").  *See also* Fed.R.Civ.P. 56(e).  Conversely, a genuine

24   dispute over a material fact exists if there is sufficient evidence supporting the factual dispute, requiring a judge

25   or jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477 .S. 242, 253 (1986);

26   *T.W. Elec. Svc. Inc. v. Pacific Electrical Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

27   2.  Washington's Economic Loss Rule Bars Plaintiffs' Negligent Misrepresentation Claim Against Alcancorp

28        Defendants Alcan, Inc. And Alcan Aluminum Corporation (collectively "Defendants") have moved to

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR DISMISSAL OF NEGLIGENT
MISREPRESENTATION CLAIM
Page - 3

1  dismiss Plaintiffs' negligent misrepresentation claim with prejudice under Fed. R. Civ. P. 12(b)(6).  Dkt. 232

2  at 1.  Defendants argue that Washington's common-law economic loss rule bars this claim because there

3  existed a contract between the parties that allocated risk and future liability and thus barred tort claims for

4  purely economic loss.  *Id.* at 2-3.  The Court should grant the motion in part and dismiss the claim against

5  Alcancorp because the economic loss rule properly applies in the case of the Alcancorp-Reynolds relationship.

6       The economic loss rule exists to facilitate efficient business activity by preserving "the fundamental

7  boundary between the law of contracts, which is designed to enforce expectations created by agreement, and

8  the law of torts, which is designed to protect citizens and their property by imposing a duty of reasonable care

9  on others." *Berschauer/Phillips Constr. Co. v. Seattle Sch. Dist. No. 1*, 124 Wash.2d 816, 821 (Wash. 1994).

10  The rule bars certain tort claims for purely economic loss when a contract exists between the parties that

11  allocates risk and future liability. *Alejandre v. Bull*, 123 Wn. App. 611, 626 (Wash. App. 2004).  Economic

12  loss includes "two general areas of damages: (1) direct economic loss based on inadequate product value...;

13  and (2) indirect or consequential loss..." *Hofstee v. Dow*, 109 Wn. App. 537, 543-44 (Wash. App. 2001)

14  (internal citations omitted).

15       Alcancorp adequately established the first two elements necessary to apply the economic loss rule.

16  First, Plaintiffs seek damages for economic losses arising from "the inspection, replacement and rebuild of

17  numerous vessels..." Dkt. 1-1 at 12. While Reynolds's customers experienced actual property loss due to the

18  corrosion and deterioration of the 5083-H321 alloy, Plaintiffs' losses were purely economic and did not include

19  damage to property or person.  Second, the loss is one that arises from a contractual relationship between

20  Reynolds/Alcoa and Alcancorp.

21       The Reynolds-Alcancorp purchase and sale contracts allocated risk and future liability sufficiently to

22  invoke the economic loss rule.  As the Court has ruled, "[f]or a given sale, then the contract appears to be

23  comprised of the sale-specific terms provided in the electronic document exchange (price, quantity, product

24  delivery, etc.), together with the agreed-upon terms of the standing EDI Agreement and any terms imposed

25  and implied by the [Uniform Commercial Code ("UCC")]."  Dkt. 90 at 2-3.  The UCC supplied the risk and

26  future liability terms for any breach of the contract:

27       RCW 62A.2-714 (2003)
     "(3) In a proper case any incidental and consequential damages under the next section [section 2-715]

28       may also be recovered."
     RCW 62A.2-715 (2003)

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR DISMISSAL OF NEGLIGENT
MISREPRESENTATION CLAIM
Page - 4

"(2) Consequential damages resulting form the seller's breach include (a) any loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise; and (b) injury to person or property proximately resulting from any breach of warranty."

These terms allocate risk for consequential, economic damages under contract law, and the economic loss rule thus bars a remedy for the same losses in tort.

That the parties' agreement did not expressly address economic losses does not preclude application of the rule. Washington law, through the UCC, presumes the parties to have contemplated damages for "direct, incidental, and consequential losses" where the losses are only economic. *Hofstee,* 109 Wn. App. at 544. The Court has found that the UCC governs the resolution of this claim as against Alcancorp and supplies "gap filler" terms to regulate the transactions. Dkt. 90 at 2-3. Given the UCC's measure of damages, the UCC thus allocates risk and future liability for consequential, economic losses.

Plaintiffs incorrectly state that Defendants now argue they had no duty to disclose, in direct conflict with the Court's previous summary judgment order on that issue. Defendants do not argue that they had no duty to disclose; they argue that the negligent misrepresentation claim is barred by law regardless of whether they had a duty. Additionally, Reynolds previously moved for summary judgment only on the primary element of the negligent misrepresentation claim (the duty to disclose), and not on the entire claim. *See* Dkt. 90. Defendants are not moving for reconsideration of this prior, limited summary judgment ruling and they are not precluded from now raising the economic loss rule as a justification for barring the claim.

The Court finds that the economic loss rule applies despite Plaintiffs' several arguments in opposition. First, the Plaintiffs' negligent misrepresentation claim seeks damages for the same economic losses they experienced as a result of the alleged breach of implied warranties, i.e. the cost of "the inspection, replacement and rebuild of numerous vessels..." Dkt. 1-1 at 12. Not only does the economic loss rule bar the claim, the UCC provides an alternative remedy to recover these damages should Plaintiffs prove their claims. Second, Plaintiffs correctly state that the economic loss rule does not bar certain tort claims like fraud, but Washington courts have held that the exception for fraudulent misrepresentation does not extend to negligent misrepresentation. *Alejandre*, 123 Wn. App. at 626-27 (the rule does not bar fraudulent misrepresentation claims "because the prohibition against fraudulent conduct arises independently of the contract"). Third, while Washington tort law requires a party to "disclose to another a fact that he knows may justifiably induce the

1   other to act or refrain from acting in a business transaction," Restatement (Second) of Torts § 551, the

2   economic loss rule acts as a contract law limitation on this tort law provision, not vice-versa.

3           For these reasons, the Court should grant Defendants' motion to dismiss the negligent

4   misrepresentation claim only as against Alcancorp.

5   <u>3.  Legitimate Questions of Fact Preclude the Dismissal of the Negligent Misrepresentation Claim as Against Alcan Under the Economic Loss Rule</u>

6

7           Genuine issues of material fact remain that preclude dismissal of the negligent misrepresentation claim

8   as against Alcan.  Before this Court are voluminous documents the parties have presented in relation to past

9   motions.  Many of these documents relate to the relationship between Alcan and Alcancorp and to alleged

10  representations made by Alcan.  The facts regarding these issues are in dispute.  All parties, therefore, had

11  reason to know that the Court would consider these documents in ruling on the motion currently before the

12  Court.  Given the necessity to consider matters beyond the pleadings, it is proper to consider this motion as

13  against Alcan as a motion for summary judgment.

14          As previously discussed, the economic loss rule only bars tort claims where the parties had a

15  contractual relationship.  Since issues of fact remain as to whether there is a contractual relationship between

16  Plaintiffs and Alcan, it is not proper to dismiss this claim due to the economic loss rule at this time.  *See* Dkt.

17  139 at 3-4.  Additionally, even if there is no contractual relationship and the economic loss rule does not bar

18  the claim as against Alcan, genuine issues of material fact also remain whether Alcan made representations to

19  Plaintiffs upon which they justifiably relied.  *See* Dkt. 42 at 5-6.

20                                          <u>CONCLUSION</u>

21          For the foregoing reasons, the Court hereby ORDERS that Defendants' motion for dismissal of the

22  negligent misrepresentation claim (Dkt. 232) is granted in part and denied in part as follows: Plaintiffs'

23  negligent misrepresentation claim as against Alcancorp is dismissed, and the negligent misrepresentation claim

24  as against Alcan may proceed.

25          DATED this 28th day of April, 2006.

26

27                                          Robert J. Bryan
                                            United States District Judge
28

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR DISMISSAL OF NEGLIGENT
MISREPRESENTATION CLAIM
Page - 6