UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| REYNOLDS METALS COMPANY and ALCOA, INC., <br><br> Plaintiffs, <br><br> NATIONAL UNION FIRE INSURANCE COMPANY, <br><br> Plaintiff-in Intervention, <br><br> v. <br><br> ALCAN INC. And ALCAN ALUMINUM CORPORATION, <br><br> Defendants. | Case No. C04-0175RJB <br><br><br> ORDER GRANTING PLAINTIFFS' MOTION FOR PREJUDGMENT INTEREST |

This matter comes before the court on Plaintiffs' ("Reynolds") Motion for Prejudgment Interest (Dkt. 366) and on Joinder of National Union Fire Insurance Company of Pittsburgh, Pennsylvania in Plaintiffs' Motion for Prejudgment Interest (Dkt. 378) . The court has considered the relevant documents, the remainder of the file herein and the events of trial .

PROCEDURAL HISTORY

On May 22, 2006, the jury in this civil case returned a verdict for plaintiffs and against both Alcan Inc. and Alcan Aluminum Corporation ("Alcan") for $59,640,819, which represents $57,215,351 for settlement amounts paid to boatbuilders and boat owners, and $1,425,468 paid to Glosten Associates, Inc. ("Glosten") for fees and expenses related to investigation and the settlements.

ORDER
Page - 1

On May 25, 2006, Reynolds Metals Company and Alcoa Inc. filed this motion for prejudgment interest, requesting that the court order prejudgment interest totaling $16,098,686, from the date each payment was made by plaintiffs to boat builders and boat owners and Glosten through May 23, 2006, the date on which the court entered judgment in favor of plaintiffs. Dkt. 366. On June 9, 2006, plaintiff in intervention National Union Fire Insurance Company filed a joinder in the motion for prejudgment interest. Dkt. 378.

## The Positions of the Parties

Reynolds requests prejudgment interest of $16,098,686, contending that (1) Washington law applies; (2) prejudgment interest is favored under Washington law because it promotes justice; (3) prejudgment interest is recoverable when the claim is liquidated; (4) each settlement paid by Reynolds to a boat builder or owner on a specific date was a liquidated sum certain; (5) Glosten's fees were liquidated from the dates Reynolds made payments to Glosten through the date of judgment; (6) Alcan did not challenge the amount of any payment or the date the payment was made; and (7) the applicable rate for prejudgment interest in Washington is 12 percent. Dkt. 366.

Alcan opposes an award of prejudgment interest, contending that (1) the claim was not liquidated because the principal amount awarded was arrived at based upon the jury's determination of reasonableness; (2) what Alcan did or did not challenge has no bearing on the issue of whether the amount Reynolds claimed as damages was liquidated or unliquidated; (3) the instructions permitted the jury to award damages that varied from the amounts Reynolds had paid in settlement to the boat builders and owners and/or to Glosten; (4) Alcan did challenge the amount of the payments because it argued at trial that Reynolds had paid out more than what had been reasonable for damages-mitigation purposes, in light of contractual limitations Reynolds could and should have chosen to enforce against Reynolds' customers based on terms and conditions in Reynolds' standard Acknowledgment and Sales Order forms; and (5) even if Alcan had stipulated that all amounts paid to settle the third party claims had been reasonable, such settlement amounts are not thereby converted to liquidated amounts under Washington law. Dkt. 368.

In reply, Reynolds argues that (1) Washington law recognizes that claim settlements and repair costs are liquidated amounts; and (2) Reynolds' claim for a specific, readily quantifiable amount controls

1  whether a claim is liquidated, not whether Alcan raised a defense based upon Reynolds' contracts with its
2  customers.  Dkt. 373.

## DISCUSSION

In a diversity case, state law (here, Washington law) governs an award of prejudgment interest. *Mutuelles Unies v. Kroll & Linstrom*, 957 F.2d 707, 713 (9th Cir. 1992).  Prejudgment interest is favored under Washington law in appropriate cases. *First National Bank v. Washington Insurance Guarantee Association,* 94 Wn.App. 744, 759 (1999).

Prejudgment interest is recoverable (1) when an amount claimed is liquidated or (2) when the amount of an unliquidated claim is for an amount due upon a specific contract for the payment of money and the amount due is determinable by computation with reference to a fixed standard contained in the contract, without reliance on opinion or discretion. *Prier v. Refrigeration Eng'g Co.*, 74 Wn.2d 25, 32 (1968).  Only the first prong of the rule applies here.

A liquidated claim is one where the amount of the claim is determinable by a fixed standard, without reliance on opinion or discretion. *Douglas Northwest, Inc. V. Bill O'Brien and Sons Construction, Inc.*, 64 Wn.App. 661, 690 (1992); *Stryk v. Panell*, 66 Wn.App. 566, 571 (1992).  A liquidated claim has further been defined as a claim where the evidence furnishes data which, if believed, makes it possible to compute the amount with exactness, without reliance on opinion or discretion. *Prier v. Refrigeration Eng'g Co.,* 74 Wn.2d 25, 32 (1968).  An unliquidated claim is one where the exact amount of the sum to be allowed cannot be definitely fixed from the facts proved, whether disputed or undisputed, but must "in the last analysis depend upon the opinion or discretion of the judge or jury as to whether a larger or a smaller amount should be allowed." *Id.* at 33.

Prejudgment interest is calculated from the date that data is provided which makes possible the computation of the damages with exactness, and without reliance on opinion or discretion, to the date of the judgment. *See Id.* at 35. The prejudgment interest rate applicable to this case under Washington law is 12 percent per annum. *See* RCW 19.52.020(1).

The parties do not dispute that prejudgment interest should be awarded under Washington law, at a rate of 12 percent  per annum, for damages that were liquidated.  The only issue before the court is

1  whether the damages awarded by the jury were for amounts that were liquidated. Reynolds argues that the
2  claims were liquidated; Alcan contends that the claims were unliquidated.

3  The evidence included payments of $57,215, 351 Reynolds made to boat owners and boat builders,
4  and the dates of each payment. *See* Exh. 323. Evidence also included $2,425,468 in fees and expenses
5  Reynolds paid to Glosten, and the date Glosten billed Reynolds for those fees and expenses. *See* Exh. 322.
6  On May 10, 2006, Richard Strong of Glosten testified regarding Exhibits 323 and 322, which he prepared.
7  Mr. Strong testified that during the investigation and settlement process, Alcan participated in the "boat
8  solutions team" and received investigatory information and settlement recommendations, and did not
9  object to any settlement, settlement amount, or to payments made to Glosten.

10  The amount plaintiffs request for prejudgment interest is based upon amounts calculated from the
11  date of each payment made to the boat owners and boat builders, and to Glosten, until judgment was
12  entered on May 23, 2006. Alcan does not contest the amounts as calculated; Alcan's objection is that the
13  damages requested and awarded were unliquidated.

14  Plaintiffs' claim for damages was, from the beginning, based on the amounts plaintiffs paid to boat
15  builders and owners, and on the costs of investigation and settlement paid on account of defendants'
16  alleged legal fault. *See* Complaint, (Dkt. 1), ¶¶ 61, 64, 65, 69, 78, 80, 84, 89, 99 & 105. The "Relief
17  Requested" paragraph (Complaint ¶ 17, line 23, et seq) only requested the jurisdictional amount ("in excess
18  of $75,000.00"), but it is clear from a reading of the whole Complaint that what the plaintiffs were
19  requesting was exactly what the jury ultimately awarded.

20  Similarly, the agreed Pretrial Order (Dkt. 307) made clear that the amounts requested as damages
21  were fixed and set sums based on amounts paid out in settlement with boat owners and boat builders, and
22  Glosten's fees. (*See* Agreed Pretrial Order, Dkt. 307, page 5, ¶16.)

23  A dispute over the claim in whole or in part does not change the character of a liquidated claim to
24  unliquidated. Hansen v. Rothaus, 107 Wash.2d 468, 472 (1986). The claim here was clearly based on
25  amounts determinable by a fixed standard, where the evidence furnished data which, if believed, made it
26  possible to compute damages with exactness, without reliance on opinion or discretion.

27
28

ORDER
Page - 4

Defendant argues, however, that the Court's Jury Instruction (Dkt. 361, No. 20), which required findings of reasonableness, trumped what otherwise might be liquidated damages. An examination of the law does not support defendants' position.

First, the basic rule is that a liquidated claim is one where the amount is *determinable* by a fixed standard without reliance on opinion or discretion. *Douglas Northwest Inc. v. Bill O'Brien and Sons Construction, Inc.*, 64 Wash. App. 661, 828 P.2d 565 (1992) & *Styrk v. Cornerstone Investments, Inc.*, 61 Wash. App. 462, 810 P.2d 1366 (1991). A required determination that an amount is reasonable does not mean that the *amount* fixed cannot be determined by a fixed standard without reliance on an opinion or discretion. The rule states that the amount must be *determinable*. Instruction No. 20 required some determination by the jury; this does not eliminate the liquidated nature of the claims. Indeed, that is apparently what the jury did here - they relied on Exhibits 322 and 323 and the testimony supporting those exhibits, adopting plaintiffs' fixed standards.

Second, the basic rule as restated in *Prier v. Refrigeration Engineering Co.*, 74 Wash.2d at 32, requires the same conclusion: There was evidence that furnished data which, *if believed*, made it possible to compute the amount with exactness. Apparently, the jury believed plaintiffs' evidence of reasonableness, and therefore fixed damages with exactness.

Third, the case law supports plaintiffs' position - for example, note the following language from these cases: "Our rule in *Prier* is clearly applicable where, as here the damage amount was established, or *could be* ascertained with certainty based upon the facts before the court." *Weyerhauser v. Commercial Union Insurance*, 142 Wash.2d 654, 686 (2000) (emphasis added). "A claim is considered liquidated if 'it amount is readily determinable and it is possible to determine the exact amount without reliance on opinion. . . . A dispute over the claim does not change the character of the claim from liquidated to unliquidated. . . . The amount expended to clean up the contamination was a sum certain." *Pederson's Fryer Farms v. Transamerica Insurance Co.*, 83 Wash.App. 432, 452 (1996) (internal citations omitted). "A claim becomes liquidated if its amount is readily determinable and it is <u>possible</u> to determine the exact amount without reliance on opinion or discretion." *Public Utility District No. 1 of Klickitat County v. International Insurance Company*, 142 Wash.2d 789, 810 ( 1994).

Fourth, it now appears to be nearly axiomatic that "settlements in underlying civil actions are liquidated amounts." *Commonwealth Land Title Insurance Company v. Hart*, 2004 WL 1559773 (2004). We find a settlement made in an underlying civil action represents a liquidated amount and an award of prejudgment interest is appropriate." " *Public Utility District No. 1 of Klickitat County*, 142 Wash.2d at 811. While it could be argued that insurance cases, like *Public Utility District No. 1 of Klickitat County* should be treated differently, or that settlements and claims that have not ripened into lawsuits ("civil actions") as in *Public Utility District* and *Commonwealth*, should be treated differently, this court can see no reason that claims for reimbursement outside of the insurance context, or claims for reimbursement for settlements paid before claims became "civil actions" should be treated differently that the claims in *Public Utility District* and *Commonwealth*. *See also King County v. Puget Sound Power and Light Company*, 70 Wash. App. 58 (1993).

What Alcan did or did not challenge at trial has no bearing on the question of whether damages are liquidated.

In this case, damages based on the amounts of the settlements Reynolds paid to their boat owner and boat builder customers, and the amounts paid to Glosten, were liquidated amounts. Prejudgment interest should be awarded to Reynolds. The amount claimed by plaintiffs of $16,098,686 is supported by plaintiffs' showing.

Therefore, it is hereby

**ORDERED** that Plaintiffs Reynolds Metals Company and Alcoa Inc.'s Motion for Prejudgment Interest (Dkt. 366) and Joinder of National Union Fire Insurance Company of Pittsburgh, Pennsylvania in Plaintiffs' Motion for Prejudgment Interest (Dkt. 378) are **GRANTED**. Reynolds Metals Company and Alcoa Inc. are hereby granted an additional judgment of $16,098,686.00 for prejudgment interest against Alcan Inc. and Alcan Aluminum Corporation.

The Clerk is directed enter judgment accordingly and to send uncertified copies of this Order to all counsel of record.

DATED this 29th day of June, 2006.

*Robert J. Bryan*
Robert J. Bryan
United States District Judge